877 So.2d 921 (2004)
Lynda Lee LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2262.
District Court of Appeal of Florida, Fifth District.
July 23, 2004.
Steven J. Guardiano, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Lynda Lee Love ["Love"] appeals her judgment and sentence and the denial of her post-conviction motion to withdraw her plea. We find no error and affirm.
*922 Love first complains that the competency hearing held by the trial court prior to entry of her plea was inadequate. We find no merit to this claim of error. There was no objection to the proceeding and no reservation of the right to appeal this issue. She had been examined within the preceding month by two psychiatrists and, given that both reports showed she was competent, both counsel agreed the court could rule based on the reports.
Love next complains that the trial court abused its discretion by the denial of her motion to withdraw her plea. She contends the plea was involuntary because: (1) she had taken a double dosage of Paxil on the day of the plea, which affected her comprehension, as shown by her "rambling" statement; and (2) she suffers from Dependent Personality Disorder, which makes her acquiescent to male authority figures. She argues that, based on the evidence presented to the court, she should have been permitted to withdraw her plea.
"The trial court's decision regarding withdrawal of a plea will generally not be disturbed on appeal, absent a showing of an abuse of discretion." Hunt v. State, 613 So.2d 893, 896 (Fla.1992); Cella v. State, 831 So.2d 716, 720 (Fla. 5th DCA 2002). Here, the trial court plainly did not abuse its discretion by the denial of Love's motion. As the trial court indicated, Love exhibited no real confusion or duress during the hearing. She admitted to taking several medications, but repeatedly assured the trial court that her medications had no effect on her ability to understand the proceedings. She was able to speak coherently and intelligently regarding her background and disabilities, after which the trial court concluded that, "I am comfortable that your mind is clear, at least not influenced by any medications at this time." Love also indicated she understood the rights she was giving up by entry of a plea and the sentence she could receive. She independently stated that she had been told her sentence "could be thirty-five to life," and agreed that no one had promised her she would receive any specific sentence. Love gave a cogent reason for entering a plea  that she had no "credible witnesses" to testify on her behalf. There was also no threatening or intimidating behavior on the part of the trial court. Given this record and evidence from the pharmacist that confusion is a rare side effect of Paxil, the trial court acted well within its discretion in rejecting Love's motion to withdraw her plea.
Love finally contends that the judgment erroneously reflects that conspiracy to commit first-degree murder is a capital felony. The State concedes this scrivener's error, but maintains the issue is not cognizable on appeal because of the failure to first present it to the trial court. The error did not affect Love's scoresheet or sentence, but it is a mistake that should be corrected on application by motion to the trial court.
AFFIRMED.
PLEUS and PALMER, JJ., concur.