308 So.2d 134 (1975)
George Willis EPLER, Petitioner,
v.
JUDGES OF the THIRTEENTH JUDICIAL CIRCUIT, HILLSBOROUGH COUNTY, Florida, Respondents.
No. 74-1510.
District Court of Appeal of Florida, Second District.
February 21, 1975.
George Willis Epler, in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondents.
BOARDMAN, Judge.
Petitioner, George Willis Epler, filed his petition for writ of mandamus in this court. We issued our rule nisi and respondents timely filed their return and attached thereto a copy of the sentencing proceeding. Petitioner contends that the trial court erred in sentencing him to serve one year in the county jail without credit for good time incarcerated awaiting trial, contrary to Florida Statutes, Section 921.161(1), which provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
*135 The sole question presented for our consideration is whether the trial court erred in not complying with the mandatory requirement of the statute, supra. We think it necessary to set out the pertinent portion of the colloquy between the trial judge, attorney for petitioner and attorney for the state:
THE COURT: It is the judgment, order and sentence of this Court that George Eppler be confined in the State Prison for fifteen months. Give him credit for all time previously served... .
* * * * * *
MR. LITTLE [assistant public defender]: Your Honor, there was one point in the plea bargaining, his wife was coming down here. I think, as I recall, you said that if she came down you would consider giving him local county time.
THE COURT: Is she here?
MR. LITTLE: She called me.
MR. HALLIDAY [assistant public defender]: I talked to his wife and she said she would be here this morning, but I have never seen her. I don't know if she 
THE COURT: Okay. I will set aside that sentence and sentence him to one year without credit. One year without credit in the County Jail, is that all right?
MR. LITTLE: Yes.
THE COURT: As opposed to fifteen months in the State Prison. Okay... .
In the light of the colloquy and the averments contained in respondents' return, we conclude that petitioner knowingly, voluntarily and with advice of counsel, waived his entitlement to credit for time served in jail prior to the sentencing. We see no justifiable reason why petitioner could not waive this statutory right as he could waive personally guaranteed rights under the Constitution of the United States and the Constitution of the State of Florida.
The petitioner had pled guilty to the criminal offense charged and he makes no attack on the entry of the guilty plea.
From the portion of the record set out above, there is no question but that the trial judge was aware of his duty to allow petitioner credit for time incarcerated prior to sentencing. It is equally apparent that the sentence that was imposed upon petitioner was done at his attorney's insistence and the court was approving a plea bargain which had been entered into between the petitioner, his attorney and the assistant state attorney handling the case. Further, petitioner made no objection to the sentence and belatedly attacks it in this proceeding. The petitioner had a right provided by the statute, supra, and he also had the right to waive it and, under the factual circumstances presented in this case, he did exactly that. Therefore, his complaint is without merit. We add, and significantly, that the petitioner was present at all times material.
While our research has not disclosed a case in which the precise point now before us has been decided, the decision is reached on the basis of logic and reason. Accordingly, judgment is entered discharging the alternative writ of mandamus and the petition for writ of mandamus is dismissed.
HOBSON, A.C.J. and SCHEB, J., concur.