455 So.2d 1065 (1984)
Larry VAN ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. AV-457.
District Court of Appeal of Florida, First District.
July 19, 1984.
As Modified on Denial of Rehearing September 13, 1984.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals the trial court's order of September 26, 1983, revoking his probation, adjudicating him guilty of unarmed robbery, and sentencing him to six years in prison with credit for 139 days previously served in connection with this offense. Appellant alleges error in the amount of credit given for time served and in the trial judge's denial of his October 13, 1983 motion to that effect, entitled "Motion to Allow Credit for Jail Time."
The record shows that on November 3, 1981, appellant was adjudged guilty of the offense of unarmed robbery and was given a split sentence of 364 days in jail with credit for 119 days already served, to be followed by three years probation. On May 10, 1983, he pled guilty to a violation of his probation for which he was sentenced to four months in jail, with three days credit, and his probation was extended for three years. In June, 1983, appellant was charged with a second violation of probation which is the subject of the order appealed.
As in Delgado v. State, 423 So.2d 603 (Fla. 3d DCA 1982), it appears from the record that appellant may not have been given full credit for the jail time he has served. Therefore, upon remand, the trial court should conduct a hearing to determine the time actually served in jail by appellant on the original split sentence and on the sentence imposed as a result of the first violation of probation, and to give appellant appropriate credit for that jail time on the sentence under review. See section 921.161(1), Florida Statutes. Appellant need not be present at the hearing upon remand.
The state argues that since appellant did not object to the alleged sentencing error below, he is precluded from raising this issue on direct appeal and his only possible avenue at this point is via a Florida Rule of Criminal Procedure 3.800 motion in the trial court. We reject that assertion. Appellant properly may raise this issue by direct *1066 appeal from the sentence even in the absence of an objection below since the sentencing error is fundamental. Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983). See also James v. State, 443 So.2d 510 (Fla. 1st DCA 1984) and Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982). We reject the state's argument that the decision in Epler v. Judges of Thirteenth J.C., Hillsborough Cty., 308 So.2d 134 (Fla. 2d DCA 1975) established the ruling that the failure to make an objection to this type of sentencing error renders the error non-reviewable in all cases. In Epler, unlike the instant case, pursuant to a plea bargain, the defendant voluntarily and specifically relinquished his right to be credited for time served prior to his sentencing. The court held that under those particular circumstances, the defendant waived his right to credit for time served and could not raise that issue on appeal. Therefore, the ruling in that case was limited to the circumstances therein and does not apply to the facts of the case sub judice.
The sentence is vacated and this cause is remanded to the trial court for resentencing.
MILLS and SHIVERS, JJ., concur.