654 So.2d 1040 (1995)
Ivan SILVERSTEIN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3691.
District Court of Appeal of Florida, Fourth District.
May 17, 1995.
*1041 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
STEVENSON, Judge.
This is an appeal from an order denying appellant's rule 3.800 motion to correct sentence after a hearing before the trial court. Appellant argues  and we agree  that the trial court erred in failing to correct his sentence to include credit for time served in prison before he was placed on probation.
Appellant was originally convicted of third degree grand theft in 1992. He was given a split sentence of thirty months incarceration followed by two years' probation. Appellant was subsequently charged with a violation of the probationary portion of his sentence. Appellant admitted the violation, and was sentenced, pursuant to a plea agreement, to 364 days jail time with credit for the 127 days he spent in jail awaiting disposition of his violation of probation case. The trial court found that appellant waived any right to credit for time served prior to being placed on probation because the plea as negotiated did not specifically provide for it. We disagree and reverse.
Where a defendant violates the probationary portion of a split sentence, he is entitled to receive credit for the time served in prison before being placed on probation. Lavrich v. State, 633 So.2d 1177 (Fla. 4th DCA 1994). The state correctly argues that a defendant can waive credit for time served as part of a plea agreement. See Epler v. Judges of the Thirteenth Judicial Circuit, 308 So.2d 134 (Fla. 2d DCA 1975) and Prangler v. State, 470 So.2d 105 (Fla. 2d DCA 1985). However, in those cases, the waivers were clearly shown on the record.
Where a defendant's waiver of credit for time served on the incarcerative portion of a split sentence is not clearly shown on the record, it will not be presumed. We agree with Van Ellis v. State, 455 So.2d 1065 (Fla. 1st DCA), rev. dismissed, 459 So.2d 1041 (Fla. 1984), where the First District declined to find such a waiver where the defendant did not "voluntarily and specifically" relinquish his right to time served. The court found that the mere failure to object to the sentence that did not provide for credit did not amount to a waiver. Similarly, here, defense counsel brought it to the sentencing court's attention that appellant had already served time on the original sentence, but did not object when the sentence imposed upon revocation did not provide for credit for that time.
Because the state failed to show that appellant specifically waived credit for time previously served on this split sentence, we reverse. Accordingly, we remand this cause to the trial court to award the total amount of time appellant previously spent in custody on the underlying charges in this case.
REVERSED AND REMANDED.
GUNTHER, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm. In my judgment, the record adequately reflects a waiver.