805 So.2d 70 (2002)
Andrew GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4529.
District Court of Appeal of Florida, Second District.
January 16, 2002.
GREEN, Judge.
Andrew Gilbert challenges the order of the trial court denying his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In 1986, Gilbert pleaded guilty to two counts of a multicount information. He was sentenced to fifteen years' probation on count four, consecutive to a four-year prison sentence on count one. After two violations of probation, Gilbert was sentenced to seven years' prison on count four *71 with 1460 days' credit for time served. In his 3.800(a) motion, Gilbert sought fifty days' jail credit for the time he spent in jail on the violations of probation prior to his being sentenced to prison. The trial court denied the motion finding that the written sentence showed that Gilbert had stipulated to 1460 days' credit. However, the written sentence indicates that Gilbert was awarded 1460 days' credit for the time he had previously spent in prison on count one of the information. The written sentence further indicated that the credit was awarded pursuant to State v. Green, 547 So.2d 925 (Fla.1989), and Tripp v. State, 622 So.2d 941 (Fla.1993). Thus, it would appear that Gilbert stipulated to 1460[1] days as being the prison credit to which he was entitled, and not his jail credit.
Gilbert sought three separate credits of fifteen, ten, and twenty-five days' credit. In seeking the fifteen days' credit, Gilbert alleged that the claim could be determined from the face of the court records. In seeking the ten and twenty-five day credits, Gilbert alleged only that the record established that he did not receive those credits. He did not allege that the court records showed he was entitled to them. Thus, Gilbert's claims regarding the ten and twenty-five day credits are facially insufficient. See Colosimo v. State, 775 So.2d 352 (Fla. 2d DCA 2000). In the interest of avoiding piecemeal litigation, we affirm the order of the trial court without prejudice to Gilbert to file a rule 3.800(a) motion that is facially sufficient as to all three of Gilbert's jail credit claims. Our affirmance is also without prejudice to any right Gilbert might have to file a timely, facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
PARKER and SALCINES, JJ., Concur.
NOTES
[1] We note that Gilbert was sentenced to four years' prison on count one of the information and that 4 times 365 is 1460.