810 So.2d 1025 (2002)
Kalishea REED, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-465.
District Court of Appeal of Florida, Second District.
March 8, 2002.
*1026 PARKER, Judge.
Kalishea Reed appeals the trial court's order denying her motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, although not for the reasons cited by the trial court.
Reed's motion alleged that she was incarcerated in the Hillsborough County Jail from November 4, 1999, to October 16, 2000, and that she was therefore entitled to 357 days' jail credit toward her prison sentence. Reed's motion alleged that the trial court awarded her only 251 days' jail credit rather than the full 357 days. Reed's motion did not allege that the court records reflect that she is entitled to the jail credit she is seeking, and she did not attach any jail or court records reflecting that she served the claimed amount of time in jail. The trial court denied Reed's motion, asserting that Reed had executed a plea agreement which stipulated to jail credit of 251 days. However, the only attachment to the trial court's order was a portion of the judgment and sentence which stated that Reed would be allowed a total of 251 days' jail credit followed by the phrase, "Stipulated Credit." Reed appeals the trial court's denial of her motion.
We affirm the trial court's order because Reed's motion is facially insufficient. See Gilbert v. State, 805 So.2d 70 (Fla. 2d DCA 2002) (holding that a rule 3.800(a) motion that does not allege that the court records show the defendant's entitlement to additional jail credit is facially insufficient). Our affirmance on this basis is without prejudice to Reed's right to file a facially sufficient motion pursuant to rule 3.800(a). Such motion will not be considered successive.
We note, however, that had Reed's motion been facially sufficient, we would have been compelled to reverse the trial court's order because the attachments to the order do not refute Reed's claim. Without an attached signed plea agreement or the transcript of the plea colloquy showing that Reed had stipulated to the jail credit, the trial court's order and its attachments are insufficient to refute Reed's claim to additional jail credit.
*1027 Although we do not decide the issue at this time, we also note that when a claim of this nature is raised, the court records must establish the defendant's clear intent to waive a portion of his or her accrued jail time before we could affirm a defendant's stipulation to credit for less jail time than was actually served. It seems to this court that a defendant should not lose credit for jail time actually served due to a mistake by the defendant, defense counsel, or the State.
Affirmed.
NORTHCUTT and STRINGER, JJ., concur.