827 So.2d 345 (2002)
Anthony L. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3005.
District Court of Appeal of Florida, Fourth District.
October 1, 2002.
Anthony L. Robinson, Fort Lauderdale, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, for appellee.
PER CURIAM.
Appellant, Anthony Robinson, challenges the order denying his motion for jail credit, filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We reverse and remand.
Appellant alleged that in two case numbers involving violations of probation he was not given credit for all the time he spent in jail prior to sentencing on the original charges and for time spent in jail after sentencing on the original charges. Appellant is entitled to such credit. See § 921.161(1), Fla. Stat. (2000); Ivey v. State, 327 So.2d 219 (Fla.1976); Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996); Sharp v. State, 303 So.2d 56 (Fla. 4th DCA 1974).
We note that the transcript of the plea colloquy filed by appellant in this Court indicates the possibility that there may have been a plea agreement calling for a waiver of such credit. If appellant voluntarily and specifically waived the jail credit, he would not be entitled to relief. See Henderson v. State, 720 So.2d 1121 (Fla. 4th DCA 1998); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). However, the record before this Court does not clearly demonstrate that appellant voluntarily and specifically waived the credit. Additionally, even if we could consider the transcript filed by the appellant, we find that it does not reflect a voluntary and specific waiver by him. Accordingly, we cannot affirm the denial of relief on the basis of waiver.
Our reversal does not preclude the trial court from denying relief on remand if any part of the record demonstrates that appellant voluntarily and specifically waived the jail credit. Of course, the trial court *346 should attach to its order any record portions refuting the claim. If the record does not refute appellant's claim, the trial court shall award him credit for all time spent in jail prior to being sentenced and after being sentenced on the underlying charges, and for all time spent in jail as a condition of probation. Any resentencing shall take place as soon as possible, as appellant alleged that his release date without the jail credit he seeks, is October 31, 2002.
No rehearing will be entertained. The clerk is instructed to issue the mandate simultaneously with this opinion.
GUNTHER, KLEIN and HAZOURI, JJ., concur.