851 So.2d 831 (2003)
Richard J. HAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0814.
District Court of Appeal of Florida, First District.
July 31, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the summary denial of his motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a), by which he sought jail and prison credit. Because appellant's claims appear to be facially sufficient and are not refuted by the record, we reverse.
Appellant was originally sentenced, pursuant to a single scoresheet, in case numbers 94-0011, 93-0177, 93-0184, 94-0007, and 94-0019. In case number 94-0011, he received three years of incarceration to be followed by ten years of probation. In the remaining cases, he received five-year probationary terms, to run concurrent with his probation in case number 94-0011. Appellant subsequently completed the incarcerative portion of his sentence, and then violated probation. He was sentenced to concurrent four-year incarcerative terms in all cases.
Appellant's jail-credit claim is facially sufficient because he alleges that he was arrested on these cases on September 4, 2001; held in the Suwannee County Jail from that arrest date until November 11, *832 2001, thus serving 59 days in jail; and sentenced on July 18, 2002, without receiving credit for such time. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998); Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994). While the trial court stated that appellant had already been awarded an additional 56 to 62 days of jail credit (to which he was not, in fact, entitled) in all of these cases in response to an earlier motion to correct an illegal sentence, it failed to attach to its order any records demonstrating either that such credit was for the same dates or that appellant was not otherwise entitled to the credit.
Appellant's claim for prison credit is also facially sufficient as to case number 94-0011 as a straight prison-credit claim because he alleged that he had served 987 days in prison before his release to probation on the probationary split sentence, and that his sentencing paperwork would show his entitlement to relief. See Smith v. State, 816 So.2d 158, 158 (Fla. 2d DCA 2002). Defendants are entitled to prison credit for time previously served when they violate the probationary portion of a split sentence. See Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001). Appellant's claim to 987 days of prison credit, pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), for each offense in the remaining case numbers is facially sufficient because he was originally sentenced, using a single scoresheet, to incarceration followed by terms of probation and, upon revocation of probation, all sentences were made concurrent. See Burnett v. State, 745 So.2d 1043, 1043-44 (Fla. 2d DCA 1999); Singer v. State, 679 So.2d 1274, 1275 (Fla. 2d DCA 1996); Campbell v. State, 631 So.2d 390, 390-91 (Fla. 1st DCA 1994).
There is some indication in the record that appellant may have waived his right to jail and prison credit as part of a plea agreement. However, the record is inadequate to establish conclusively that such a waiver occurred. Defendants may waive entitlement to previous jail or prison credit. See Griffin v. State, 838 So.2d 1218, 1220 (Fla. 3d DCA 2003); State v. Richardson, 766 So.2d 1111, 1112 (Fla. 3d DCA 2000). However, in the absence of such a waiver, the failure to award credit results in an illegal sentence. See Beshara v. State, 736 So.2d 30, 31 (Fla. 4th DCA 1999). Such a waiver will not be presumed. See Robinson v. State, 827 So.2d 345, 345 (Fla. 4th DCA 2002); Reed v. State, 810 So.2d 1025, 1026-27 (Fla. 2d DCA 2002); Wells v. State, 751 So.2d 703 (Fla. 1st DCA 2000). Accordingly, we reverse and remand. On remand, the trial court may either award additional jail and prison credit to which it concludes appellant is entitled, or attach to its order again denying relief those portions of the record which demonstrate conclusively that appellant is not entitled to relief.
REVERSED and REMANDED, with directions.
KAHN, WEBSTER and POLSTON, JJ., concur.