899 So.2d 341 (2005)
Ricky BROWNLEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3265.
District Court of Appeal of Florida, Third District.
March 9, 2005.
*342 Ricky Brownlee, in proper person.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and WELLS, JJ.
COPE, J.
Ricky Brownlee appeals an order denying his motion under Florida Rule of Criminal Procedure 3.800(a) for additional credit for time previously served in the county jail. See Fla. R.Crim. P. 3.800(a). We remand for further proceedings.
Defendant-appellant Brownlee entered a plea of admission to an affidavit of violation of probation in 2004. He was sentenced to eighteen months in the Florida Department of Corrections. He alleges that he should have been granted an additional twenty days of credit for jail time previously served.
By its response, the State acknowledges that on the face of the existing trial court record, the defendant appears to be correct. Accordingly, we reverse the order now before us and remand for further proceedings.
In its response the State points out that it is permissible for a defendant to waive, in whole or in part, credit for time previously served. See Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). The State says that since the plea colloquy has not previously been transcribed, the State has been unable to determine whether the plea bargain included a partial waiver of credit for time served. Our reversal is without prejudice to the State on remand to promptly obtain the transcript of the plea colloquy and raise the waiver issue if supported by the record.
As the defendant's sentence is nearing its expiration date, proceedings on remand must be expedited.
Reversed and remanded for further proceedings consistent herewith.