PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion alleging an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant has stated a facially sufficient claim that he is entitled to additional jail credit[1] and because the trial court’s attachments do not conclusively refute the appellant’s claim, which the state concedes, we reverse and remand to the trial court for additional attachments which establish the defendant’s clear intent to waive a portion of his accrued jail time or to grant the appellant’s request for relief. See Haines v. State, 851 So.2d 831, 832 (Fla. 1st DCA 2003); Reed v. State, 810 So.2d 1025, 1026-27 (Fla. 2d DCA 2002) (holding that the trial “court records must establish the defendant’s clear intent to waive a portion of his” accrued jail time in order to deny a facially sufficient motion for additional jail credit on the grounds of a waiver).
REVERSED AND REMANDED.
KAHN, VAN NORTWICK, and HAWKES, JJ., concur.

. The appellant alleges that he is entitled to 288 days of additional jail credit. However, he was arrested on the Clay County warrant on February 25, 2003, and ultimately sentenced on January 28, 2004, and awarded 43 days’ jail credit. Therefore, it appears that he miscalculates his entitlement to jail credit, as he would actually be entitled to 295 days of additional jail credit.