930 So.2d 794 (2006)
James L. MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3217.
District Court of Appeal of Florida, First District.
May 31, 2006.
*795 Bernard F. Daley, Jr. and Luke Newman of The Daley Law Office, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the trial court's summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion the appellant raises five claims for postconviction relief. Because two of the claims are facially sufficient and not conclusively refuted by record attachments, we reverse the trial court's order denying these claims; the denial of the three remaining claims are affirmed without further comment.
The appellant alleges that his trial counsel was ineffective for misadvising him that a defense based on "reverse Williams[1] rule" evidence would not be available to him. However, reverse Williams rule evidence would be admissible by a defendant where the "evidence tends in any way, even indirectly, to establish a reasonable doubt of the defendant's guilt," subject to the general principle of *796 relevance applied to all other evidence. Rivera v. State, 561 So.2d 536, 539 (Fla. 1990). Further, the appellant alleges that his trial counsel was ineffective for advising him that the state would be able to admit certain Williams rule evidence against him. The appellant alleges that the proposed evidence was a prior complaint against him of abuse which was investigated and resolved without any charges being filed. If, true, such evidence would not be admissible. See Audano v. State, 641 So.2d 1356, 1359 (Fla. 2d DCA 1994) (holding that it was error to admit evidence of a prior allegation of abuse where that allegation was investigated, it was previously concluded that the allegation was not credible, and no charges were filed). The appellant alleges that but for the alleged misadvice, he would not have entered into his plea agreement and would have elected to proceed to trial. While the trial court concluded that the appellant failed to meet his burden for alleging prejudice, in the case of an allegation of ineffective assistance of counsel arising in the context of a guilty plea, such an allegation is sufficient. Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002). Accordingly, the trial court's summary denial of this claim was error.
The appellant's fifth claim is a facially sufficient allegation that he is entitled to additional jail credit pursuant to Gethers v. State, 838 So.2d 504 (Fla.2003). Contrary to the trial court's determination, jail credit claims are cognizable in motions filed pursuant to rule 3.850. See e.g. Mills v. State, 911 So.2d 850 (Fla. 1st DCA 2005). Therefore, because the trial court failed to attach record portions that refute the appellant's facially sufficient claim for additional jail credit the denial of this claim was also error. Further, contrary to the state's assertion, the record of the proceedings below do not evidence a clear and knowing waiver of entitlement to additional jail credit. Haines v. State, 851 So.2d 831, 832 (Fla. 1st DCA 2003); Reed v. State, 810 So.2d 1025, 1026-27 (Fla. 2d DCA 2002) (holding that the trial "court records must establish the defendant's clear intent to waive a portion of his" accrued jail time in order to deny a facially sufficient motion for additional jail credit on the grounds of a waiver)
Accordingly, we reverse the trial court's summary denial of the facially sufficient claims discussed herein and remand for either attachment of record portions refuting the appellant's claims or an evidentiary hearing. See Fla. R.Crim. P. 3.850(d).
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, POLSTON, and HAWKES, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).