PER CURIAM.
Appellant filed a motion for jail credit under rule 3.800(a), claiming an entitlement to an additional 193 days. Fla. R.Crim. P. 3.800(a). The motion specifies dates for two periods of time he spent in jail before his August 2005 sentencing. He claimed that he is entitled to 338 days after his initial arrest before being released on bond. He then claims an additional 135 days after being re-arrested before his sentencing. The trial court gave him credit at sentencing for only 280 days.
His rule 3.800(a) motion was denied because a notation on the disposition sheet stated, “defendant agrees to time served.” We hold that this document fails to show conclusively that he was not entitled to the days claimed in his motion. “Defendant agrees to time served” may reasonably convey that defendant has agreed only to a time served sentence, not that he agreed that 280 days is the correct number of days. The trial court shall resolve this patent conflict. As in Robinson v. State, 827 So.2d 345, 345-46 (Fla. 4th DCA 2002), our reversal does not preclude the trial court from ultimately denying relief on remand if it finds that he voluntarily and specifically waived the jail credit now being claimed.

Reversed.

POLEN, FARMER and MAY, JJ„ concur.