937 So.2d 1201 (2006)
Terry P. HINKEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-844.
District Court of Appeal of Florida, Fifth District.
September 15, 2006.
Terry P. Hinkel, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
*1202 PALMER, J.
Terry P. Hinkel (defendant) appeals the trial court's summary denial of his rule 3.800(a) motion seeking additional jail time credit.[1] Concluding that the defendant's motion is facially insufficient, we affirm the trial court's order without prejudice to the defendant's right to file a facially sufficient motion.
Initially, it should be noted that the defendant has failed to differentiate between the Hernando County cases at issue and the Pasco County cases that he intermingles within the body of his motion. He does not explain whether he was arrested pursuant to charges from both counties, as opposed to a scenario where perhaps Pasco or Hernando County might merely have lodged a detainer against him. Because the defendant has failed to differentiate his Hernando cases from his Pasco cases, he has failed to sufficiently plead his entitlement to receive jail credit.
Additionally, in his motion, the defendant claims that "[t]he court file contains county jail records/arrest affidavits which conclusively establish that, at the time of sentencing, defendant was entitled to credit for 185 days as time served prior to sentencing in this case[s]". He then lists several "incarceration dates" totaling 185 days in an attempt to support his claimed entitlement to receive the additional jail credit. Unfortunately, the defendant's motion is difficult to decipher and references both Hernando County cases and Pasco County cases.
In summarily denying the defendant's motion, the trial court noted that the 73 days' jail credit the defendant received was pursuant to a negotiated plea agreement. The trial court attached to the summary denial order a copy of the "Acknowledgement Regarding Amount of Credit for Time Served" (hereinafter Acknowledgement) that the defendant signed on the date of his sentencing. The Acknowledgement reflects the following in paragraph 3:
3. I agree and understand that, as part of this plea, I will be receiving the following credit for time served (check one and fill in as appropriate:
 ____ from ________, 200_ To ________, 200_.
 X Total days credit for time served 73 days.
 ____ all credit time served.
 ____ no credit for time served (waived any credit
 for time served).
(Emphasis added). After this paragraph, the defendant's signature appears in the *1203 appropriate place for his signature. The trial court concluded that, because the defendant signed the Acknowledgement stating that he understood and agreed that he would be receiving the 73 days jail credit, he was not entitled to receive any relief pursuant to the instant motion.
In the instant appeal, the defendant argues that the award of 73 days' jail credit was the result of the trial court's hurried and last minute calculation of 73 days which was then entered on the Acknowledgment form. He argues that his execution of the Acknowledgment form was not an express, voluntary, and specific waiver of the additional jail credit he later discovered he was lawfully entitled to receive.
The trial court found that the Acknowledgement signed by the defendant pursuant to his plea agreement was freely and voluntarily entered into. However, the trial court did not conclusively establish that a waiver of additional jail credit occurred in the instant case. See Fla. R.App. P. 9.141(b)(2)(D). Standing alone, the Acknowledgment document itself is inconclusive on the waiver issue. The Acknowledgement provided the trial court with a choice of several fields for purposes of addressing jail credit. The third field should be checked where the defendant is to receive "all credit time served." Conversely, where a defendant is to receive no jail credit due to a waiver of such credit, field four appropriately addresses the circumstance.
In the instant case, the trial court checked the second field and filled in the blank with 73 days. Because the second field does not address waiver in a manner similar to the fourth field, this court can not presume (based on the Acknowledgment document standing alone) that a waiver of any entitlement to additional jail credit in fact occurred. See Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995)(explaining where a defendant's waiver of credit for time served on the incarcerative portion of a split sentence is not clearly shown on the record, it will not be presumed).[2]
In Reed v. State, 810 So.2d 1025 (Fla. 2d DCA 2002), the defendant was awarded 251 days' jail credit, but claimed entitlement to 357 days' credit. The trial court denied the defendant's motion for an award of jail credit finding that the defendant had entered into a plea agreement wherein she "stipulated" to 251 days' credit. The trial court, however, only attached "a portion of the judgment and sentence which stated that [the defendant] would be allowed a total of 251 days' jail credit followed by the phrase, `Stipulated Credit.'" Id. at 1026. The Second District affirmed the trial court's decision based on the Court's finding that the defendant's motion was facially insufficient. However, in dicta, the Second District noted that, had the defendant's motion been facially sufficient, it would have been compelled to reverse the trial court because the attached portion of the judgment and sentence did not refute the defendant's claim. The Second District stated: "Without an attached signed plea agreement or the transcript of the plea colloquy showing that [the defendant] had stipulated to the jail credit, the trial court's order and its attachments are insufficient to refute [the defendant's claim] to additional jail credit." Reed, 810 So.2d at 1026.
*1204 Accordingly, the trial court's order summarily denying the defendant's rule 3.800(a) motion seeking additional jail time credit is affirmed without prejudice to the defendant's right to refile a facially sufficient rule 3.800(a) motion.
AFFIRMED.
GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800(a).
[2] In other words, had language similar to the bold-faced type, which follows below, been added to the second field, it is suggested that waiver could have been conclusively shown by the Acknowledgment document:

Total days credit for time served 73 days (entitlement to additional jail credit has been waived).