948 So.2d 52 (2007)
Keith TRIBBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3687.
District Court of Appeal of Florida, Fourth District.
January 10, 2007.
Keith Tribble, San Diego, California, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's postconviction motions. Appellant filed a series of letters in the trial court, which were treated as Florida Rule of Criminal Procedure 3.800(a) motions to correct sentencing errors or rule 3.850 motions to vacate or withdraw appellant's plea. The trial court ordered State responses to the letters and, after the first response, denied appellant's motions without prejudice to file legally sufficient motions within forty-five days. Appellant filed additional letters, which were beyond the time limit set by the court and which were again facially and legally insufficient. The State was again ordered to respond and noted the insufficiency of the motions and again attached a complete copy of the plea conference in appellant's case. The trial court then entered an order, denying appellant's motions.
Appellant sent the trial court a letter explaining that he wanted to appeal, but *53 did not know how and asking for an extension of time. The court denied the request. We granted appellant a belated appeal in Tribble v. State, 936 So.2d 788 (Fla. 4th DCA 2006), because the letter expressed a clear desire to appeal within the jurisdictional time limit, and the court should have treated it as a notice of appeal.
We affirm the court's denial of appellant's motions with prejudice. Appellant has exhausted his right to seek postconviction relief under rule 3.850, and the time limit for filing such motions has expired. Additional 3.850 motions will be subject to summary dismissal unless appellant establishes an exception to the time limitation and the bar against successive motions. See Fla. R. Crim. P. 3.850(b) & (f).
We have examined the record attached by the trial court and have determined that, even if appellant's motions had not been time-barred and insufficient as not under oath, the claims are conclusively refuted by the record and without merit.
The court held a competency hearing and ruled that defendant was competent based on the agreement of the parties that the court could rule after reviewing the reports filed by psychiatrists who found defendant competent to proceed. See Love v. State, 877 So.2d 921 (Fla. 5th DCA 2004). Further, appellant acknowledged on the record that he had psychiatric problems, but was taking medication and was clear-headed at the time he entered his plea. The court held a detailed colloquy with appellant, and he had no difficulty understanding the proceedings. Appellant addressed the court at length in a coherent and logical manner further demonstrating that he had no difficulty understanding the proceedings.
Appellant's claim that he did not know his plea agreement called for a ten-year mandatory minimum sentence under the 10-20-Life statute is conclusively refuted by the record. Defense counsel, the State, and the court all repeatedly advised defendant that the agreement called for ten-year mandatory minimum sentences on the two convictions for robbery with a firearm. The record is abundantly clear that appellant understood the agreement. Appellant's unsworn allegations to the contrary are belied by the record, and these claims are without merit.
Likewise, appellant's claim that counsel misled him about the ten-year mandatory minimum penalty is directly contradicted by the record, which shows that counsel explained in open court that the agreement called for a ten-year mandatory minimum under the 10-20-Life statute. The agreement also provided that the concurrent ten-year sentences in the cases to which appellant pled guilty would run concurrent with a forty-three-year sentence appellant was serving in California. Appellant's claims that his plea was involuntary because he did not understand the terms of the agreement are conclusively refuted by the record.
Finally, appellant's claim that he was not given proper credit for time served in California jail was insufficient to establish a basis for relief. Appellant would be entitled to credit for jail time served in another jurisdiction in this case only from the date that this state formally executed an arrest warrant for this case. See Gethers v. State, 838 So.2d 504 (Fla. 2003).
Further, the transcript of the plea hearing shows that appellant stipulated to the amount of jail credit he would receive as part of his plea. Affirmance of this claim is without prejudice to appellant filing a legally sufficient rule 3.800(a) motion in the trial court establishing through specifically identified record evidence that he is *54 entitled to more credit than he agreed to at the hearing. See Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995) (waiver of credit for time served in jail must be clearly shown on the record); see also Reed v. State, 810 So.2d 1025, 1027 (Fla. 2d DCA 2002) (noting that "court records must establish the defendant's clear intent to waive a portion of his or her accrued jail time before we could affirm a defendant's stipulation to credit for less jail time than was actually served").
We note that the California report previously filed by appellant with his letters does not establish any basis for relief. To state a sufficient claim, appellant must identify records showing the date the Florida warrant on this case was formally served. If appellant does establish an entitlement to additional jail time, we would agree that the record does not clearly show that appellant waived this additional time, and he should be granted the credit. From the records before this court at this time, however, appellant appears to have been properly credited with all jail time.
Affirmed.
STEVENSON, C.J., SHAHOOD and GROSS, JJ., concur.