968 So.2d 1051 (2007)
Dwayne K. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2568.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Dwayne K. Davis, Carrabelle, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
In this postconviction proceeding, Appellant challenges the lower court's order summarily denying his motion for additional credit for time served in jail prior to his sentencing. The trial court denied Appellant's motion finding that he had waived entitlement to additional jail credit. The trial court attached the written plea agreement in support of this finding. The written plea agreement states "[c]redit for time served as of 7/31/2006 is 1,531 days." We do not view this statement in the plea agreement as conclusive evidence that Appellant knowingly and voluntarily waived jail credit to which he would otherwise be legally entitled. See Murphy v. State, 930 So.2d 794, 796 (Fla. 1st DCA 2006) (finding waiver of jail credit must be clear and knowing); Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995) (holding waiver of jail time credit must be specific, voluntary, and clearly shown on the record).
In its response, the State argues that Reed v. State, 810 So.2d 1025 (Fla. 2d DCA 2002), supports the trial court's conclusion. It asserts that Reed stands for the proposition that a stipulation to a specific amount of jail credit contained within a written plea agreement is tantamount to a waiver of any amount above the stipulated sum. We disagree. Reed affirmed the trial court because the motion for jail credit was not sufficient in that it failed to allege the entitlement to the credit was shown in court records. It did so without prejudice to the filing of a legally sufficient motion. In dicta the Second District Court stated:
We note, however, that had Reed's motion been facially sufficient, we would have been compelled to reverse the trial court's order because the attachments to the order do not refute Reed's claim. Without an attached signed plea agreement or the transcript of the plea colloquy showing that Reed had stipulated to the jail credit, the trial court's order and its attachments are insufficient to refute Reed's claim to additional jail credit.
Although we do not decide the issue at this time, we also note that when a claim of this nature is raised, the court records must establish the defendant's clear intent to waive a portion of his or her accrued jail time before we could affirm a defendant's stipulation to credit for less jail time than was actually served. It seems to this court that a defendant should not lose credit for jail time actually served due to a mistake by the defendant, defense counsel, or the State.
*1053 Reed, 810 So.2d at 1026-27 (emphasis supplied).
We do not interpret this dicta to mean that a waiver can be shown merely by a defendant's stipulation to a certain amount of credit, absent evidence that the defendant knew of his entitlement to additional jail credit and voluntarily relinquished that right. In fact, the emphasized portion of the quotation is to the contrary.
Therefore, we reverse the order and remand this cause to the trial court with instructions that it either grant the motion or attach portions of the record that conclusively refute Appellant's claim.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.