984 So.2d 630 (2008)
Nicholas GIGGETTS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-6110.
District Court of Appeal of Florida, First District.
June 18, 2008.
Nicholas Giggetts, pro se, Appellant.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute his claim of entitlement to additional jail credit, we reverse.
Appellant alleges that he is entitled to 910 days of jail credit instead of the 698 days of credit awarded at sentencing. The trial court denied the appellant's motion on the basis that he entered a guilty plea which included a provision that he would receive credit for 698 days previously served. While an accused may waive an entitlement to jail credit when entering a plea, the record must provide a clear and knowing waiver of entitlement to jail credit in order to refute a claim for additional credit. See Murphy v. State, 930 So.2d 794 (Fla. 1st DCA 2006). In the absence of such a waiver, the resulting sentence is illegal. See Haines v. State, 851 So.2d 831, *631 832 (Fla. 1st DCA 2003). The record in the instant case, which does not include the transcript of appellant's plea hearing, does not establish that appellant clearly and knowingly waived his entitlement to additional credit.
We therefore reverse the trial court's summary denial of appellant's motion and remand for record attachments conclusively refuting appellant's claim or for the award of additional jail credit as the record dictates.
REVERSED and REMANDED.
WOLF, LEWIS, and ROBERTS, JJ., concur.