997 So.2d 423 (2008)
Walter H. CARY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-2149.
District Court of Appeal of Florida, First District.
October 17, 2008.
Rehearing Denied December 17, 2008.
Walter H. Cary, III, pro se, Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
*424 PER CURIAM.
The appellant challenges the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because the trial court denied one of the appellant's claims for jail credit on an improper basis, we reverse the trial court's denial of this claim and remand this case to the trial court for further consideration of the claim, but we otherwise affirm the order under review.
The appellant alleges that he is entitled to 192 days of Clay County jail credit rather than the 178 days of jail credit awarded at sentencing. The trial court denied the appellant's motion for additional jail credit, concluding that the appellant's counsel had stipulated at sentencing that 178 days was the correct amount of jail credit. Although an accused may waive his entitlement to jail credit when entering a plea, the record must demonstrate a clear and knowing waiver of jail credit in order to refute a later claim for additional credit. See Murphy v. State, 930 So.2d 794 (Fla. 1st DCA 2006). In the absence of such a waiver, the resulting sentence is illegal. See Haines v. State, 851 So.2d 831, 832 (Fla. 1st DCA 2003). The record in the instant case does not establish that the appellant clearly and knowingly waived his entitlement to additional credit; thus, the trial court's denial of the appellant's claim on this basis was improper.
The trial court's denial of the appellant's claim for additional Clay County jail credit is accordingly reversed and this case is remanded for reconsideration of the claim. Upon remand, the trial court should review the trial court records in the appellant's case to determine whether these records "demonstrate on their face an entitlement" to the requested jail credit, as they must before credit for time served may be granted under rule 3.800(a). If the trial court records demonstrate an entitlement to relief, the additional jail credit should be awarded. If they do not, the claim should be denied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ALLEN, PADOVANO, and ROBERTS, JJ., concur.