PER CURIAM.
 

 Jackie Hines appeals the summary denial of a rule 3.850 motion and the denial of a rule 3.800(a) motion. Both motions seek an additional 193 days credit for time spent in Brevard County jail after he was arrested on Broward County charges. Because he has stated a sufficient claim that is not refuted by the attached records and because it appears that with the additional credit he would be entitled to release, we reverse and remand for a prompt eviden-tiary hearing.
 

 In its response below, the State argued that at the plea hearing in this case, Hines waived this credit by stipulating to a different amount of credit for time served. However, the record does not show a specific voluntary waiver of this jail credit.
 
 See Davis v. State,
 
 968 So.2d 1051, 1052 (Fla. 5th DCA 2007);
 
 Tribble v. State,
 
 948 So.2d 52, 54 (Fla. 4th DCA 2007);
 
 Murphy v. State,
 
 930 So.2d 794 (Fla. 1st DCA 2006);
 
 Reed v. State,
 
 810 So.2d 1025 (Fla. 2d DCA 2002);
 
 Silverstein v. State,
 
 654 So.2d 1040, 1041 (Fla. 4th DCA 1995).
 

 Hines alleges under oath that he was arrested on March 12, 2006 in Brevard County on Broward County charges. He attached an arrest affidavit from the Bro-ward Sheriffs Office (BSO) that includes the Broward court case number, the charges, and a BSO arrest number. The arrest affidavit states the date of the arrest is March 12, 2006, and the affidavit was date stamped by the Brevard County clerk on that date. The affidavit appears to support Hines’s claim.
 
 See Bedford v. State,
 
 880 So.2d 1265 (Fla. 2d DCA 2004). In its response to this court’s order to show cause, the State suggests that only a detainer was issued. It appears that the determination of whether Hines was actually arrested on the Broward County charges on March 12, 2006 will require an evidentiary hearing.
 
 Cf. Martinez v. State,
 
 932 So.2d 337 (Fla. 4th DCA 2006).
 

 Hines is presently scheduled for release from prison in August 2009, and if he receives this additional credit he would be entitled to immediate release.
 

 Accordingly, we reverse the denial of his motions and remand for an evidentiary hearing, which should be held expeditiously-
 

 WARNER, MAY and DAMOORGIAN, JJ., concur.