PER CURIAM.
 

 The appellant challenges the denial of his rule 3.800(a) motion to correct illegal sentence. Because the trial court denied the appellant’s claim for jail credit on an improper basis, we reverse the trial court’s denial of the motion and remand this case to the trial court for further consideration.
 

 Pursuant to a guilty plea, the appellant was sentenced to twenty years’ incarceration with credit for 698 days. The appellant alleged in his motion that he is entitled to 910 days of jail credit instead of the 698 days that he was awarded. The trial court denied the appellant’s claim on the basis that he entered a guilty plea and stipulated that he would receive credit for 698 days. The trial court attached a copy of the plea agreement and a copy of the plea transcript, both of which indicated the appellant stipulated that he would receive 698 days of credit. However, the plea agreement and plea transcript do not establish that, as part of his plea, he knowingly waived any additional credit which he may have been due. A waiver of jail credit cannot be shown merely by a defendant’s stipulation to a certain amount of credit in the absence of evidence that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right.
 
 See Murphy v. State,
 
 930 So.2d 794, 796 (Fla. 1st DCA 2006) (the record must establish a “clear and knowing waiver of entitlement to additional jail credit”);
 
 Davis v. State,
 
 968 So.2d 1051 (Fla. 5th DCA 2007) (written plea agreement that called for 1,531 days of credit was not conclusive evidence that defendant knowingly and voluntarily waived entitlement to any additional credit he was owed);
 
 cf. Reed v. State,
 
 810 So.2d 1025, 1027 (Fla. 2d DCA 2002) (“the court records must establish the defendant’s clear intent to waive a portion of his or her accrued jail time before we could affirm a defendant’s stipulation to credit for less jail time than was actually served. It seems to this court that a defendant should not lose credit for jail time actually served due to a mistake by the defendant, defense counsel, or the State”).
 

 Accordingly, the denial of appellant’s rule 3.800(a) motion is REVERSED and the cause REMANDED for the trial court to determine if the record demonstrates appellant’s right to the requested credit. If the trial court records demonstrate an entitlement to relief, the additional jail credit should be awarded. If they do not, the claim should be denied.
 
 See Cary v. State,
 
 997 So.2d 423 (Fla. 1st DCA 2008).
 

 KAHN, DAVIS, and CLARK, JJ., concur.