25 So.3d 639 (2009)
Sean G. HAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D09-2652.
District Court of Appeal of Florida, First District.
December 31, 2009.
*640 Sean G. Hagan, pro se, Appellant.
Bill McCollum, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
HAWKES, C.J.
The defendant challenges the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record conclusively refutes his claim of entitlement to additional jail credit, we affirm.
In a plea agreement, the defendant expressly stipulated that he would receive jail credit for time served "since October 2, 2007" in exchange for his guilty plea. He now claims he did not knowingly waive his right to receive credit for time served prior to October 2, 2007.
The inclusion of specific language indicating the specific date from which the defendant's credit for time served would count towards his current sentence is sufficient to demonstrate he knowingly and voluntarily waived his right to have any credit he may have accrued prior to that date count towards his current sentence. See Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008) (holding "a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date"); see also Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008) (holding a stipulation in a plea agreement for jail credit from a specific date waives any claim to credit for prior time served).
Accordingly, we affirm the trial court's denial of appellant's Rule 3.800(a) motion to correct illegal sentence.
AFFIRMED.
THOMAS, J., concurs; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
The plea agreement in the present case does not demonstrate a voluntary relinquishment of a known right. The phrase "Credit time served since 10/2/07" in the plea agreement, the sole foundation on which the majority opinion rests, is entirely consistent with the view that the parties believedas was in fact the casethat the appellant had already received credit for the time he had spent in jail before October 2, 2007.
Appellant filed a verified motion to allow correct jail credit[1] in April of 2009 alleging *641 the dates he had been incarcerated and that he was "entitled to a total of 449 days' Credit for County Jail time Served prior to the aforementioned Sentence." The trial court entered the order under review, styled order denying motion to allow correct jail credit, stating:
The Court has reviewed defendant's Motion to Allow Correct Jail Credit and finds that on September 4, 2008, defendant expressly agreed to "credit time served since 10/2/07." Attached hereto is a copy of defendant's Admission of V.O.P. and Negotiated SentenceForm 2.
In a motion for rehearing, appellant asserted that "the court apparently overlooked that the Defendant only agreed that he is entitled to jail credit starting on 10/2/07, and did not agree or waive his additional jail credit . . . as part of the plea agreement." After the motion for rehearing was denied, this appeal followed.
At issue is whether the appellant waived credit for the 84 days he spent in jail before he was originally sentenced to time served and released on probation on June 14, 2007. That he was released at that time shows that he actually received the credit then. Later when his probation was revoked, he signed a plea agreement which recited:
My attorney, the prosecutor and I have negotiated my sentence in this case in that the prosecutor will recommend to the Judge of this Court that I be sentenced to: Probation terminated and revoked, sentenced to 30 mos. Dep't Corrections, costs, fines, fees converted to judgment. Credit time served since 10/2/07.
He had been apprehended on October 2, 2007, while on probation. He spent the following year in jail, and was still in custody when his probation was revoked on September 28, 2008. Upon revocation of probation, he was sentenced to thirty months in prison with credit for 365 days in jail, but with no credit for the time he had spent in jail between his initial arrest on March 24, 2007, and his initial sentencing on June 14, 2007.
By statute a defendant is entitled to "credit for all of the time she or he spent in the county jail before sentence." § 921.161(1), Fla. Stat. (2006). Unless it would result in a sentence in excess of the statutory maximum, see Adams v. State, 901 So.2d 275, 277 (Fla. 5th DCA 2005) ("A defendant cannot by a plea agreement accept a sentence that exceeds the statutory maximum."); Collins v. State, 697 So.2d 1305, 1307-08 (Fla. 4th DCA 1997) ("Even with a defendant's assent, the court is without jurisdiction to impose a sentence in excess of the statutory maximum."), however, credit for time served may be waived as part of a plea agreement. See Prangler v. State, 470 So.2d 105, 106 (Fla. 2d DCA 1985); Epler v. Judges of the Thirteenth Judicial Circuit Hillsborough County, 308 So.2d 134, 135 (Fla. 2d DCA 1975). But, for any such waiver to be *642 effective, "the court records must establish the defendant's clear intent to waive a portion of his or her accrued jail time." Reed v. State, 810 So.2d 1025, 1027 (Fla. 2d DCA 2002).
Under our cases, "the record must demonstrate a clear and knowing waiver of jail credit in order to refute a later claim for additional credit." Cary v. State, 997 So.2d 423, 424 (Fla. 1st DCA 2008) (citation omitted). In Cary, the trial court denied a claim for additional jail credit because defense counsel had stipulated at sentencing that 178 days was the correct amount of jail credit, but the Cary court reversed the denial, holding that the record did not establish that Cary had clearly and knowingly waived his entitlement to additional credit. See Murphy v. State, 930 So.2d 794, 796 (Fla. 1st DCA 2006) (holding the record must establish a "clear and knowing waiver of entitlement to additional jail credit").
We have consistentlyand recently held that a defendant's stipulation even to a specific number of days' jail credit does not preclude the award of additional credit, in the absence of evidence that the defendant knew of his entitlement to additional credit and voluntarily relinquished the right. See Velasquez v. State, 11 So.3d 979, 980 (Fla. 1st DCA 2009) (concluding that the plea agreement, which called for Velasquez to receive 100 days of credit, was insufficient to demonstrate that he "was aware of an entitlement to additional credit and voluntarily relinquished that right as part of his plea"); Giggetts v. State, 5 So.3d 756, 757 (Fla. 1st DCA 2009) (reversing and remanding for further consideration becausealthough the "trial court attached a copy of the plea agreement and a copy of the plea transcript, both of which indicated the appellant stipulated that he would receive 698 days of credit""the plea agreement and plea transcript do not establish that, as part of his plea, he knowingly waived any additional credit which he may have been due. A waiver of jail credit cannot be shown merely by a defendant's stipulation to a certain amount of credit in the absence of evidence that the defendant knew of his entitlement to additional credit and voluntarily relinquished that right."). See also Davis v. State, 968 So.2d 1051, 1052 (Fla. 5th DCA 2007) (concluding that written plea agreement that stated "[c]redit for time served as of 7/31/2006 is 1,531 days" was not conclusive evidence that defendant knowingly and voluntarily waived entitlement to any additional credit he was owed). The record does not support the majority opinion's reading of the plea agreement as an intentional relinquishmenta knowing "disgorgement"of credit for jail time already awarded.
We have said that, in the absence of a record demonstrating waiver, a sentence which fails to award credit for all jail time the defendant has served is illegal:
Defendants may waive entitlement to previous jail or prison credit. See Griffin v. State, 838 So.2d 1218, 1220 (Fla. 3d DCA 2003); State v. Richardson, 766 So.2d 1111, 1112 (Fla. 3d DCA 2000). However, in the absence of such a waiver, the failure to award credit results in an illegal sentence. See Beshara v. State, 736 So.2d 30, 31 (Fla. 4th DCA 1999). Such a waiver will not be presumed.
Haines v. State, 851 So.2d 831, 832 (Fla. 1st DCA 2003). Because the record demonstrates no waiver here, the failure to award credit for all the time appellant has spent in jail resulted in an illegal sentence.
The majority opinion's reliance on Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008), and Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008), is misplaced, to the extent these decisions conflict with our *643 own decisions.[2]See Velasquez, 11 So.3d at 980; Giggetts, 5 So.3d at 757. Since deciding Joyner and Johnson, moreover, the Third District has stated:
Absent: (1) clear record evidence of an express waiver of entitlement to credit time served by a defendant in his plea colloquy, see, e.g., Troutman v. State, 985 So.2d 1167 (Fla. 3d DCA 2008); Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005); (2) clear record evidence revealing a defendant understood he was waiving the credit time served in question as part of his new sentence, see, e.g., Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008); or (3) clear record evidence revealing that applying the credits to which a defendant now claims entitlement would lead to an absurd result clearly not within the contemplation of the parties at the time of sentencing, see, e.g., Rivera v. State, 954 So.2d 1216 (Fla. 3d DCA 2007); Fulcher v. State, 875 So.2d 647 (Fla. 3d DCA 2004) (Cope, J., concurring), a defendant is entitled to credit for the time he served on the original split sentence. See Isaac v. State, 992 So.2d 304 (Fla. 3d DCA 2008); Brownlee v. State, 899 So.2d 341 (Fla. 3d DCA 2005); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000).
Reddix v. State, 15 So.3d 614, 616-17 (Fla. 3d DCA 2009) (footnote omitted). To like effect, the Second District has explained that "the court records must establish the defendant's clear intent to waive a portion of his or her accrued jail time before we could affirm a defendant's stipulation to credit for less jail time than was actually served. . . . [A] defendant should not lose credit for jail time actually served due to a mistake by the defendant, defense counsel, or the State." Reed, 810 So.2d at 1027.
Nothing in the present record demonstrates that the appellant meant to waive any credit for time he had served in jail when he entered into the plea agreement. The trial court's summary denial of appellant's post-judgment motion should be reversed, and the matter should be remanded for further proceedings.
NOTES
[1] Styled "Motion to Allow Jail Credit," appellant's motion indicates it was filed pursuant to section 921.161(1), Florida Statutes, which provides that "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence." Citing State v. Mancino, 714 So.2d 429, 430 (Fla. 1998), appellant avers that "a claim of credit for jail time served is cognizable in a rule 3.800 motion to the extent that court records reflect an undisputed entitlement to credit and a sentence that fails to grant such credit." Of course, "jail credit claims are [also] cognizable in motions filed pursuant to rule 3.850." Murphy v. State, 930 So.2d 794, 796 (Fla. 1st DCA 2006). See, e.g., Hines v. State, 4 So.3d 726, 727 (Fla. 4th DCA 2009) ("Hines appeals the summary denial of a rule 3.850 motion and the denial of a rule 3.800(a) motion. Both motions seek an additional 193 days' credit for time spent in Brevard County jail after he was arrested on Broward County charges. Because he has stated a sufficient claim that is not refuted by the attached records and because it appears that with the additional credit he would be entitled to release, we reverse and remand for a prompt evidentiary hearing."). Appellant's sworn motion was filed within two years of the trial court's imposition of sentence.
[2] Joyner is factually distinguishable. In Joyner, the printed form plea agreement contained the following language:

3. I understand and agree that as part of my plea bargain I will be receiving the following credit for time served (check one and fill in as appropriate):
[&check;] From 11-29, 2006 to 2-15, 2007
[] ___ days credit for time served
[] all credit for time served
[] no credit for time served
(Emphasis in original.) The form was signed by the defendant, defense counsel, the assistant state attorney, and the judge.
988 So.2d 670, 672 (Fla. 3d DCA 2008) (footnote omitted). The plea agreement indicates that the option "all credit for time served" was not selected. Id.
The Johnson opinion does not reveal the terms of Johnson's plea agreement but the majority opinion in Reddix v. State, 15 So.3d 614, 617 n. 3 (Fla. 3d DCA 2009) rejected Joyner and Johnson as "inapposite" because the plea agreements in both cases "included written waivers of credit for time served."