PER CURIAM.
We affirm the trial court’s denial of appellant’s Florida Rule of Criminal Procedure 3.800(a) motion without prejudice to file a sufficient postconviction motion. Rodriguez v. State, 728 So.2d 1172 (Fla. 4th DCA 1999). Appellant’s unsworn Rule 3.800(a) motion did not establish that the face of the record established a clear entitlement to additional jail credit in this case. State v. Mancino, 714 So.2d 429 (Fla.1998).
Appellant failed to show that concurrent sentences were imposed. Daniels v. State, 491 So.2d 543, 545 (Fla.1986); Ransone v. State, 20 So.3d 445 (Fla. 4th DCA 2009), approved, 48 So.3d 692 (Fla.2010). Appellant also failed to show that the face of the record clearly established that he was arrested on the warrant in this case on the date he alleges. Martinez v. State, 932 So.2d 337 (Fla. 4th DCA 2006); see also Hines v. State, 4 So.3d 726 (Fla. 4th DCA 2009).
Appellant’s motion was filed within the time for bringing a Rule 3.850 motion. Accordingly, we affirm without prejudice for appellant to raise his jail credit claim in a sworn and legally sufficient Rule 3.850 motion that must be filed within thirty days of the date of the mandate to be issued in this case.

Affirmed.

MAY, DAMOORGIAN and CONNER, JJ., concur.