# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-811
LT Case No. 2020-CF-000284

_____

MICHAEL KEITH BOWEN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.801 Appeal from the Circuit Court for Nassau County.
James H. Daniel, Judge.

Michael Keith Bowen, Sanderson, pro se.

No Appearance for Appellee.

November 21, 2023

LAMBERT, J.

Michael Keith Bowen timely appeals the circuit court's order summarily denying his Florida Rule of Criminal Procedure 3.801 motion for the correction of jail credit. The judgment entered by the court and attached to the denial order sentenced Bowen to serve eighteen months in prison, to be served concurrently with a sentence Bowen was serving out of Duval County. Bowen was also awarded sixty-seven days of jail credit. In denying Bowen's motion, the court explained that it declined to exercise its discretion to modify the sentence to which Bowen voluntarily

agreed. For the following reasons, we vacate the order and remand for further proceedings.

Rule 3.801(a) provides that a court may correct a final sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing. Pertinent here, Florida Rule of Criminal Procedure 3.850(f) is incorporated into rule 3.801 proceedings. *See* Fla. R. Crim. P. 3.801(e). Under rule 3.850(f)(5), when a summary denial is based on the records in the case, a copy of that portion of the files and records that shows that the defendant is entitled to no relief shall be attached to the final order.

The circuit court attached to its denial order a copy of the written plea agreement entered into by Bowen and the State where, in exchange for an eighteen-month prison sentence, Bowen admitted to violating his probation. There is nothing, however, contained in the plea agreement mentioning jail credit, let alone that Bowen waived entitlement to the additional jail credit described in his rule 3.801 motion.

A defendant may waive entitlement to jail credit when entering a plea; however, "the record must demonstrate a clear and knowing waiver of jail credit in order to refute a later claim for additional credit." *Johnson v. State*, 304 So. 3d 392, 393 (Fla. 1st DCA 2020) (quoting *Cary v. State*, 997 So. 2d 423, 424 (Fla. 1st DCA 2008)); *see also Lundy v. State*, 257 So. 3d 566, 566 (Fla. 4th DCA 2018) (holding that "a jail credit waiver must be specific, voluntary, and clear from the face of the record"). As no transcript from the change of plea hearing is attached to the order, we have no present way of knowing whether Bowen specifically waived his entitlement to any additional jail credit at the hearing. Nor does the circuit court's reasoning in its order sufficiently explain or refute why Bowen is not entitled to the claimed additional jail credit.

However, it appears that Bowen's motion for correction of jail credit was insufficiently pleaded. Rule 3.801(c)(1)–(5) enumerates the information to be set forth in the motion. Here, Bowen did not allege whether he had waived any county jail credit at the time of sentencing and, if so, the number of days waived. *See* Fla. R. Crim.

2

P. 3.801(c)(5). Bowen also mentioned in his motion that he was sentenced in a separate case from Duval County but did not provide the case number or information as to whether any other criminal charges were pending during the time for which he contended that he was not properly awarded credit. *See* Fla. R. Crim. P. 3.801(c)(4). When a rule 3.801 motion is legally insufficient, the postconviction court is to provide the defendant with sixty days in which to amend the motion, as provided in rule 3.850(f)(2) that is incorporated into rule 3.801.

Accordingly, we vacate the order under review with directions to the circuit court to provide Bowen sixty days to amend his motion, if he can do so in good faith. If Bowen timely files a sufficiently pleaded amended motion, the court must thereafter either attach records to its denial order that conclusively show that Bowen is not entitled to any additional jail credit or, if the claim cannot be so refuted by the records, hold an evidentiary hearing.[1]

ORDER VACATED; REMANDED with directions.

KILBANE and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

_____

[1] Because Bowen may soon be released from prison regarding this case, we direct the circuit court to expedite the resolution of any amended motion filed.

3