763 So.2d 522 (2000)
Jessie DRAYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D97-3439.
District Court of Appeal of Florida, Third District.
July 26, 2000.
*523 Bennett H. Brummer, Public Defender, and J.C. Elso, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before JORGENSON, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Jessie Drayton appeals from a judgment of conviction and sentence for first degree murder and armed robbery with a firearm. For the following reasons, we reverse and remand for a new trial.
While Drayton was in jail in connection with a string of taxicab armed robberies, Metro-Dade Detective George Nelson questioned him about other crimes under investigation. Drayton gave Detective Nelson information about the robbery and fatal shooting of a fabric store owner in Hialeah. The details were only partially accurate. Drayton told the detective that he learned about the crime because he had given a ride to two men that he knew; during the ride the two men described to him a crime they had just committed in Hialeah. Drayton denied participating in the crime itself and denied knowing anything about the crime until he gave the men a ride. The taxicab robberies and the fabric store murder were unrelated.
Based upon Drayton's knowledge of specific details of the murder, he was charged and tried for the crime. Other than his knowledge of the details, there was absolutely no evidence connecting him to this murder and armed robbery. No one else was ever arrested or charged in connection with this murder.
Before trial, defense counsel moved in limine to preclude the State from eliciting any testimony about the taxicab robberies. The trial court denied the motion. During direct examination of Detective Nelson, the State elicited testimony 1) that defendant was already in jail when he was questioned about this murder; 2) that defendant was being held in connection with a string of armed robberies; 3) that defendant refused to speak with him about the armed robberies; and 4) that defendant appeared to recognize him from prior arrests. The State then elicited testimony of the details that defendant provided about the murder for which he was on trial.
Defendant testified at trial. He stated that he was not involved in the murder, and that while driving his mother's car, he had been flagged down by two acquaintances. While in the car, the two men discussed the crime they claimed they had just committed. When defense counsel asked defendant about the conversation he had overheard between the two men, the State objected on hearsay grounds. The defense argued in response that the evidence was not hearsay, as it was not offered to prove the truth of the statements; instead, it was offered to establish how defendant had learned of the details. The court sustained the State's hearsay objection to the questions that asked what *524 else defendant had learned about the charged crime. At the outset, the trial court erred when it allowed the State to elicit improper collateral crime evidence from Detective Nelson concerning the unrelated taxicab robberies. "Evidence of collateral crimes, wrongs, or acts committed by the defendant is admissible if it is relevant to a material fact in issue; such evidence is not admissible where its sole relevance is to prove the character or propensity of the accused." Czubak v. State, 570 So.2d 925, 928 (Fla.1990). See also Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992); § 90.404(2)(a), Fla. Stat. (1993); see generally Ehrhardt, Florida Evidence § 404.10 (1999 Edition). The taxicab armed robberies were not related to the charged crime in time, place, perpetrators, victims, means, motive, or any other factor. "Erroneous admission of collateral crimes evidence is presumptively harmful." Czubak, 570 So.2d at 928.
Although this error alone requires reversal, we address the following evidentiary matter as it is likely to recur on retrial. The trial court erred in excluding defendant's full description and explanation of what the two men he picked up told him about the murder. That evidence was not hearsay; it was not offered to prove the accuracy of the details provided. "If an out-of-court statement is not offered to prove the facts contained in the statement, it is not hearsay." Ehrhardt at § 801.2. "The hearsay rule does not prevent a witness from testifying as to what he has heard. It is rather a restriction on the proof of fact through extrajudicial statements." King v. State, 684 So.2d 1388, 1389 (Fla. 1st DCA 1996). The excluded testimony was also highly relevant and material; Drayton's entire defense was that he only knew the details of the murder because he had heard the two men talking about the crime, and that he had neither participated in the crime nor been aware of it when he picked them up. To exclude that testimony was to strip defendant of the heart of his defense.
Reversed and remanded for a new trial.