837 So.2d 1075 (2003)
Cory P. RYAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2575.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Rehearing Denied February 26, 2003.
*1076 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Fredericka Sands, Assistant Attorney General for appellee.
Before COPE and WELLS, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Defendant Cory P. Ryan appeals an order denying his motion for credit for time served. We reverse.
On March 18, 2002, Cory Ryan accepted a court offer and admitted violating his community control in four cases. The circuit judge explained her offer as follows: "I tell you what I will do, two years Y.O. followed by two years Community Control." The judge questioned Ryan about the rights he was giving up and again told him he would get "two years Youthful Offender prison followed by two years Community Control." After the court pronounced sentence, a corrections officer asked, "C.T.S. from 2/22?" The judge responded, "Yes, ma'am." The clerk prepared sentencing orders which granted Ryan credit for time served for the period between February 22, 2002, and sentencing on March 18, 2002.[1] Ryan subsequently filed a motion for credit for time served, arguing that he had spent considerably more time in jail for the cases at issue. That motion was denied by a successor judge.
The general rule is that a sentence that does not mandate credit for time served is illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served. See State v. Mancino, 714 So.2d 429 (Fla. 1998). Ryan argues the case must be remanded with directions to credit all his jail time. In response, the State argues that Ryan waived the error by failing to raise it at sentencing. See Howard v. State, 705 So.2d 947 (Fla. 1st DCA 1998) (affirming as unpreserved the trial court's failure to award credit for time served).
In Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000), however, this court observed that although a defendant can waive credit for time served as part of a plea agreement, such waiver must be clearly shown on the record. "Where a defendant's waiver of credit for time served is not clearly shown on the record, it will not be presumed." Cozza, 756 So.2d at 273(citing Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000)). We find that the record before us does not reflect a voluntary and specific waiver by defendant.
*1077 Accordingly, we reverse and remand for entry of an order crediting Ryan with time spent in jail prior to sentencing.
NOTES
[1] Ryan was given credit for time served since his last probation violation, which occurred on February 22, 2002. Ryan maintained, however, that he was due considerably more time based on the jail time served in the balance of the cases at issue.