PER CURIAM.
The defendant, Ron Howard, filed a motion pursuant to section 3.800(b) to correct his sentence. On February 27, 2003, the trial court entered a corrected sentencing order. However, as the defendant correctly argues, the corrected order failed to grant the defendant any jail and prison credit. Therefore, this cause is remanded for entry of a sentencing order crediting the defendant with the 276 days spent in jail and for the time spent in prison. See Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Baker v. State, 756 So.2d 1091 (Fla. 3d DCA 2000). Finally, as to Count II, the judgment of conviction references section 775.087. However, a review of the jury’s verdict indicates that the jury did not find that the defendant either carried, displayed, or used a firearm or weapon during the burglary. As such, this cause is also remanded for the purpose of deleting the reference to section 775.087 in the judgment of conviction.
Remanded.