875 So.2d 647 (2004)
David B. FULCHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-872.
District Court of Appeal of Florida, Third District.
March 10, 2004.
Rehearing and Rehearing Denied June 23, 2004.
*648 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Marni Bryson (Ft. Lauderdale), Assistant Attorney General, for appellee.
Before COPE, FLETCHER, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied June 23, 2004.
PER CURIAM.
David Fulcher entered into a negotiated plea of guilty to three counts of attempted sexual battery on a minor, and one count of lewd assault. The judge sentenced Fulcher to eight years in state prison on each count, to be followed by ten years of probation, all counts to run concurrently. Fulcher served five years and three months of his prison sentence and was released into probation. Subsequently, Fulcher admitted violating his probation by possessing alcohol and by having unsupervised contact with two children. At the probation violation hearing the judge revoked Fulcher's probation and sentenced him to thirty-six months of state prison on all four counts, with credit for 504 days served in jail. The court did not award Fulcher any credit for time spent in prison on his original sentence, and in neither the written admission nor the plea colloquy was the issue discussed. Fulcher argues that he is entitled to credit for the five years and three months he served in prison on the incarcerative portion of his original split sentence. With application of this credit to his current sentence of three years, Fulcher asserts that he is entitled to immediate release.
We agree that when a defendant is given a split sentence, serves time in prison, is released on probation and subsequently violates that probation, she or he is entitled to credit for time served in prison on the original sentence, especially in the absence of any documentation establishing a waiver of credit during a negotiated plea for the probation violation See Waters v. State, 662 So.2d 332 (Fla.1995); Wells v. State, 751 So.2d 703 (Fla. 1st DCA 2000). The record before us contains no documentation that Fulcher waived his entitlement to credit for prison time served. However, for Fulcher to receive the "windfall" of immediate release by application of five year's credit for time already served would be an absurd result. We therefore affirm denial of relief.
FLETCHER and WELLS, JJ., concur.
COPE, J. (specially concurring).
In my view, defendant-appellant Fulcher has two options. (1) The defendant can accept the terms of his present sentence, *649 which is three years with 504 days credit for time served. (2) Alternatively, the defendant can withdraw his plea on the basis that it was induced by a mutual mistake of fact, and proceed to trial on the affidavit of violation of probation.
As stated in the majority opinion, the defendant was sentenced to incarceration followed by probation. He served five and one quarter years in prison and was released on probation.
Thereafter the State filed an affidavit of violation of probation. The defendant accepted a plea bargain whereby he admitted the violation of probation and was sentenced to a three-year term of imprisonment.[1] There was no discussion of credit for time served during the plea colloquy. However, the sentencing order grants 504 days credit for time served.[2]
On his return to the Department of Corrections, the Department caused the forfeiture of the gain time that the defendant had earned during his prior incarceration. See § 948.06(7), Fla. Stat. (2001). The defendant had earned two years and nine months of gain time in his prior incarceration. Upon forfeiture, this meant the defendant's total incarceration would be five years and nine months.[3]
The defendant argues that even with the forfeiture of his previous gain time, he still had sufficient credit for time previously served to be released immediately. In his previous term in the Department of Corrections the defendant served five years and three months. He was awarded an additional 504 days credit for previous jail time in this case, which is approximately one year and five months. Thus the total time the defendant had previously served was approximately six years and eight months.[4] That exceeds the defendant's current term of incarceration of five years, nine months. The defendant reasons that, at the moment the sentence on revocation of probation was imposed, he had more than enough prior credit to completely satisfy the new sentence. Thus, the defendant argues that he should have been released immediately after sentencing for violation of probation, and argues that he is entitled to immediate release now.
It is true, as the defendant says, that in sentencing a defendant after revocation of probation on a split sentence, the defendant is to be given credit for all time previously served, including the prior incarceration in the Department of Corrections. See Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003). That is so unless there has been an affirmative waiver of credit for time served. Ryan, 837 So.2d at 1076. There was no waiver in this case.
It is equally clear, however, that in this case there has been a mutual mistake of fact. If the defendant's analysis is accepted, the effect would have been a sentence *650 to "time served," and the defendant would have been released immediatelynot incarcerated in the Department of Corrections.
No onenot the defendant himself, or the State, or the courtcontemplated the defendant's immediate release upon entering into this plea bargain. Thus, the defendant's claim that he should now be granted immediate release is incorrect.
A plea bargain is a contract which can be set aside for a mutual mistake of material fact. See Brown v. State, 245 So.2d 41 (Fla.1971); Jackson v. State, 801 So.2d 1024 (Fla. 5th DCA 2001); Coward v. State, 547 So.2d 990 (Fla. 1st DCA 1989). Whether viewed as involving a mutual mistake of material fact, or an involuntary plea, the remedy is not to grant the defendant immediate release. The defendant may stand by the plea bargain as is, or may withdraw his plea and proceed to a hearing on the original revocation of probation charges.[5]
Since the defendant has not at this point requested withdrawal of his plea, but has only requested immediate release from incarceration, I concur in affirming the order denying relief.
WELLS, J., concurs.
NOTES
[1] Although the plea colloquy does not make this clear, the State has represented that this was a State offer to the defendant, not a court offer.
[2] This amount is taken from the Miami-Dade County jail record. It includes time served in jail prior to the initial conviction, and time served awaiting disposition of the affidavit of violation of probation. The jail card does not include the time served in the Department of Corrections, and was completed in such a way as to make it appear that the defendant had been released to the community during the time when he was within the Department of Corrections.
[3] Three years under the revocation-of-probation plea bargain, plus two years, nine months of forfeited gain time equals five years, nine months.
[4] Five years and three months, plus 504 days equals approximately six years and eight months.
[5] Where a defendant is allowed to withdraw from a plea and proceed to trial, the court is not necessarily restricted to the plea bargained amount in imposing sentence in the event that the defendant is convicted. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).