906 So.2d 1137 (2005)
Gregory HINES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-566.
District Court of Appeal of Florida, Third District.
June 15, 2005.
Gregory Hines, in proper person.
Charles J. Crist, Jr., Attorney General, and Ishir Mehta, Assistant Attorney General, for appellee.
Before LEVY, C.J., and RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Gregory Hines, appeals the denial of his motion for correction of his sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On December 23, 1999, the defendant, who was a juvenile at the time, was arrested for robbery with a firearm and held at the juvenile detention center. On January 13, 2000, he was transferred to Turner Gilford Knight Correctional Facility after the State direct filed his case to circuit court. On March 7, 2000, the defendant pled guilty to the charges and was sentenced to 364 days incarceration followed by two years of community control and two years of probation. As a condition of his community control, he agreed and was ordered to enter and successfully complete the Miami-Dade County bootcamp program.
A probation violation warrant was subsequently issued and served upon the defendant on December 23, 2002. The defendant remained in custody until entering his plea of guilty to the violations on February 26, 2003, wherein based upon a negotiated plea between the defendant and the State, his probation was revoked and he was sentenced to forty-eight months incarceration with credit for the forty-six days he had served from his arrest on the probation violation warrant to the date of his plea.
The defendant claims that he is entitled to receive credit for all of the time he was incarcerated, which he calculates as 479 *1138 days. This calculation includes the time he served prior to his plea on January 13, 2000, the time he served on his original jail sentence, the time he served in bootcamp, and the time he served after being arrested on the warrant.
While a defendant is entitled to receive credit for the time he served in a county jail before his sentence was imposed, § 921.161, Fla. Stat. (2005); State v. Mancino, 714 So.2d 429 (Fla.1998), a defendant can waive credit for the time he has served as part of a plea agreement. Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). Although a defendant can waive credit for time served as a part of a plea agreement, such waiver must be clearly shown on the record. Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000); Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003).
A review of the plea colloquy reflects that the defendant waived credit for time served prior to December 24, 2002 when he specifically agreed to a forty-eight month prison sentence with credit for time served from December 24, 2002. As the defendant clearly waived any additional gain time as a condition to his negotiated plea and he was awarded the forty-six days he served from December 24, 2002 to February 26, 2003, he received all the credit for time served for which he was entitled pursuant to his negotiated plea.
Affirmed.