954 So.2d 1216 (2007)
Victor X. RIVERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-482.
District Court of Appeal of Florida, Third District.
April 18, 2007.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
*1217 Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, C.J., and GREEN and SUAREZ JJ.
COPE, C.J.
Victor Rivera appeals an order denying his petition for writ of habeas corpus. Defendant-appellant Rivera maintains that he is entitled to additional credit for time previously served, and that upon application of such credit, he is entitled to immediate release from custody. We affirm the denial of relief.
The defendant pled no contest to charges of attempted second degree murder and aggravated battery. He was sentenced to two years of community control, followed by four years of probation, with the special condition that he complete the Dade County Boot Camp Program.
The defendant was taken into custody on charges that he had violated his probation. The defendant entered into a negotiated plea whereby he admitted the violation and received a downward departure sentence. The trial court approved the negotiated plea and imposed a three year prison sentence, with the special condition that the defendant complete the Modality Program, a prison substance abuse treatment program. The court stated that the defendant would receive credit for time served from the date he was taken into custody on the probation violation, November 21, 2005. The interval between November 21, 2005 and the December 27, 2005 sentencing date was thirty-seven days and the defendant was given thirty-seven days of credit for time served.
For reasons not directly relevant here, before the defendant accepted the plea there was a discussion of the amount of time he would likely be in custody if he accepted the State's plea offer. To make a long story short, the court's estimate was that he would be in custody approximately two and one half years on a three year sentence. The colloquy stated that the time requirement for the Modality Program alone was a minimum of eighteen months. After that discussion the defendant decided to accept the State's plea offer. The trial court accepted the plea and imposed sentence accordingly.[1]
In 2006, the defendant filed a petition for writ of habeas corpus, requesting immediate release from custody. He argued that he was entitled to credit for all time previously served in this case. He maintains that this amounts to an additional 732 days credit for time served. This includes the time he served in custody after he was arrested on his original charges, as well as the time served in Boot Camp. If 732 days had been applied to the three-year downward departure sentence, the defendant would have been released after eleven months.
The trial court denied the petition for writ of habeas corpus and the defendant appealed. This court reversed the denial order and remanded for a prompt hearing, with the assistance of counsel, to determine whether the defendant was entitled to immediate release. Rivera v. State, 949 So.2d 324 (Fla. 3d DCA 2007).
The trial court commendably conducted two hearings and issued a detailed order within seven days following this court's *1218 opinion. The trial court again denied relief, and the defendant has appealed.
We affirm the trial court's order on authority of Fulcher v. State, 875 So.2d 647 (Fla. 3d DCA 2004). The defendant's claim for additional credit for time served is inconsistent with the terms of the plea agreement which were stated on the record.
The crimes involved in this case consisted of one first degree felony and two second degree felonies, with legal maximum terms of thirty years and fifteen years, respectively. Under the scoresheet, the defendant's minimum guideline sentence would be 8.5 years, and the three-year negotiated sentence was a downward departure.
During the plea colloquy, the court clearly explained that the Modality Program would take eighteen months, and that the defendant's likely time served on the three year term would be two and one half years. With that understanding, the defendant accepted the State's plea.
The defendant's claim for an additional 732 days of credit for time served would mean that the defendant's incarceration would be limited to eleven months which is totally inconsistent with the time frames to which the defendant previously agreed. An eleven-month term of incarceration would be less than the eighteen months required for the Modality Programwhich was the purpose of the downward departure and is less than the two and a half year estimated incarceration to which the defendant agreed.
We conclude that the present case is similar to Fulcher v. State, 875 So.2d at 648-50 (majority and concurring opinions). We affirm on authority of that case. As in the Fulcher majority opinion, to grant the requested additional credit here would reach an absurd result by undoing the amounts of time the defendant specifically agreed to serve. See id. at 648. Although the word "waiver" was not used, the terms of the plea agreement necessarily exclude the award of additional credit for time served.
As in the concurring Fulcher opinion, the plea agreement in this case was evidently entered into on a mutual mistake of fact regarding the amount of time the defendant had previously served. "Whether viewed as involving a mutual mistake of material fact, or an involuntary plea, the remedy is not to grant the defendant immediate release. The defendant may stand by the plea bargain as is, or may withdraw his plea and proceed to a hearing on the original revocation of probation charges." Id. at 650 (footnote omitted).
Affirmed.[2]
NOTES
[1] It turns out that a trial court can only recommend that a defendant be placed in the Department of Corrections' Modality Program. The Department itself makes the final decision. Despite the trial court's recommendation, the defendant was not admitted into the program. The defendant has retained the benefit of the downward departure sentence even though he was not admitted into the program.
[2] The trial court also ruled that a waiver was shown within the meaning of Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005). The defendant replies that there is a conflict within this district on the waiver issue. Compare id. with Sommers v. State, 829 So.2d 379, 380 n. 1 (Fla. 3d DCA 2002) and Fulcher, 875 So.2d at 649 (Cope & Wells, JJ, specially concurring) (referring to affirmative waiver). Since the Fulcher decision is depositive and is applicable in the absence of a waiver, see 875 So.2d at 648, 649, we need not now address the claim of decisional conflict.