972 So.2d 219 (2007)
Jessie DRAYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2615.
District Court of Appeal of Florida, Third District.
December 5, 2007.
Jessie Drayton, in proper person.
*220 Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
This is an appeal of an order denying a motion under Florida Rule of Criminal Procedure 3.800(a), which sought additional credit for jail time previously served in Miami-Dade County Circuit Court case number 95-10373 (the 1995 case). We affirm, but grant leave to file a new motion in the trial court.
After this court reversed the convictions of defendant-appellant Drayton and remanded for a new trial, Drayton v. State, 763 So.2d 522 (Fla. 3d DCA 2000), the defendant entered into a plea agreement with the State. He was sentenced to fifteen years on count one, murder, and a consecutive ten years of probation on count two, armed robbery. After completion of the incarceration on count one, the defendant was released on probation but violated it, apparently by committing a new crime. He was taken into custody on the violation of probation.
On March 6, 2007, the defendant entered into a plea agreement with the State on the violation of probation and the substantive offense, Miami-Dade County case number 06-27342 ("the 2006 case"). In the two cases he was given concurrent sentences of two years in state prison, followed by two years of community control, followed by nine years of probation. He received 202 days for credit for time served since being taken into custody in 2006.
In August 2007, the defendant filed his Rule 3.800(a) motion in the 1995 case only. He contended that he was entitled to an additional 960 days credit for jail time served between 1995 and 1997 on the 1995 case. Since the defendant was seeking approximately two years and seven months of additional credit to be applied to a two year sentence, it appeared that the defendant was seeking immediate release from custody. The defendant's motion did not mention the existence of the concurrent sentence in the 2006 case, and did not explain that he would continue to be incarcerated under the 2006 case even if relief were granted in the 1995 case.
The State argued that the decision in Fulcher v. State, 875 So.2d 647 (Fla. 3d DCA 2004), was squarely on point and would frustrate the plea bargain. See also Rivera v. State, 954 So.2d 1216 (Fla. 3d DCA), review granted, No. SC07-936, 968 So.2d 557 (Fla. Oct. 2, 2007). The trial court denied relief and the defendant has appealed.
In the defendant's brief, he for the first time explains that he is not seeking immediate release. He states that he was sentenced to identical concurrent sentences in his 2006 case as well as the 1995 case. He states that he is seeking relief in the 1995 case only and argues that the Fulcher decision has no application to him. He contends that granting the additional credit for jail time served will in some fashion make him eligible for consideration for work release by the Department of Corrections.
The defendant did not make this argument in his papers filed in the trial court, so we do not consider that argument on the merits at this time. However, our affirmance is without prejudice to the defendant to file a new motion in the trial court, fully explaining his claim, after which the State will have an opportunity to respond. We express no view on the merits of such a motion.
Affirmed.