971 So.2d 184 (2007)
Donna ELLISON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3013.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
*185 Donna Ellison, Florida City, pro se.
No Appearance for Appellee.
MONACO, J.
We reverse the order summarily denying the appellant's motion pursuant to rule 3.850, Florida Rules of Criminal Procedure, and remand with instructions for the trial court either to attach portions of the record that conclusively establish that the appellant is not entitled to relief or for an evidentiary hearing. The issue on appeal concerns whether the appellant waived some of her jail time credit as part of a negotiated plea. Jail time credit issues may be raised in a 3.850 motion, provided the record reflects that the movant has served time for which he or she was not credited. See State v. Mancino, 714 So.2d 429 (Fla.1998); Hopping v. State, 708 So.2d 263 (Fla.1998).
Here, the trial court denied the appellant's 3.850 motion after finding that the appellant waived the credits in her plea agreement. Certainly, a defendant may waive jail time credit as part of a plea deal. See, e.g., Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003). The trial court, however, did not attach any portion of the record conclusively establishing that the appellant is not entitled to relief.
REVERSED and REMANDED with INSTRUCTIONS.
LAWSON and EVANDER, JJ., concur.