985 So.2d 1167 (2008)
Jimil TROUTMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-459.
District Court of Appeal of Florida, Third District.
June 25, 2008.
Jimil Troutman, in proper person.
Bill McCollum, Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
LAGOA, J.
Jimil Troutman ("Troutman") appeals from the trial court's order denying his motion to correct credit for jail time served filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial as we find that the record conclusively refutes Troutman's claim.
On July 29, 2006, Troutman was arrested and charged with one count of robbery in case number 06-25000. On March 15, 2007, following a plea, Troutman was released from prison with a term of probation not to exceed five years. On October 13, 2007, Troutman was arrested for battery and other probation violations. During a November 7, 2007 probation revocation hearing, the trial court in case number 06-25000 adjudicated Troutman guilty, revoked his probation and sentenced him to serve 364 days in jail.
In his Rule 3.800(a) motion, Troutman contends that he is entitled to a credit of 230 days for time served from July 29, 2006 to March 15, 2007. The record, however, conclusively refutes Troutman's claim. During the November 7, 2007 probation revocation hearing, Troutman specifically entered into a plea where he acknowledged that he would lose the gain time served prior to the October 13, 2007 arrest. Specifically, the record conclusively shows as follows:
THE COURT: Mr. Troutman, do you understand that as a condition of this *1168 plea, you will only receive credit for time served from the date of your last arrest?
That means that you will get credit for time served only from November 6th, 2007. No other time that you spent in on this case would you receive credit for. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Knowing that, do you still wish to enter into this admission?
THE DEFENDANT: Yes, sir.
* * *
THE CORRECTION OFFICER: He picked up a misdemeanor and he's been in since 10-13.
THE COURT: All right. Give him credit for time served from 10-13. Good luck to you, sir.
Because the record conclusively establishes that Troutman is not entitled to relief, we affirm the trial court's denial.
Affirmed.