990 So.2d 587 (2008)
Alwin JACOBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-82.
District Court of Appeal of Florida, Third District.
August 6, 2008.
Alwin Jacobs, in proper person.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before COPE, WELLS, and ROTHENBERG, JJ.

ON MOTION FOR REHEARING
ROTHENBERG, J.
We grant the defendant, Alwin Jacobs', motion for rehearing, withdraw the opinion issued on March 12, 2008, and substitute the following opinion in its stead.
Jacobs appeals the denial of his motion for additional credit for time served filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Based on the State's proper partial confession of error, we reverse and remand for further proceedings.
Jacobs served a split sentence of incarceration followed by community control. After serving his state prison sentence, Jacobs violated his community control, and upon his admission to the violations, he was sentenced. Although the trial court ordered that Jacobs receive credit for the time he served in the county jail, the trial court failed to award Jacobs credit for the time he had served in the state prison system. This was clearly error. See § 921.0017, Fla. Stat. (2006); Fulcher v. State, 875 So.2d 647, 648 (Fla. 3d DCA 2004) ("[W]hen a defendant is given a split sentence, serves time in prison, is released on probation and subsequently violates that probation, she or he is entitled to credit for time served in prison on the original sentence, especially in the absence of any documentation establishing a waiver of credit during a negotiated plea for the probation violation."). We, therefore, reverse the trial court's denial of Jacobs' *588 motion to correct his sentence in case number F98-42374, and remand to the trial court to award Jacobs all credit for time served, which includes the time he spent in state prison.
The remaining argument raised by Jacobs lacks merit.
Reversed and remanded.