992 So.2d 304 (2008)
Willie E. ISAAC, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-2004.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*305 Willie E. Isaac, in proper person.
Bill McCollum, Attorney General, for appellee.
Before WELLS, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
Willie E. Isaac appeals from a final order denying his petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
A defendant who is sentenced to incarceration because he violated the probationary portion of a split sentence is entitled to receive credit for time served in prison before being placed on probation. See Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005); Fulcher v. State, 875 So.2d 647, 648 (Fla. 3d DCA 2004); Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000). Although a defendant can waive credit for time served in prison on the original sentence as part of a negotiated plea agreement, such waiver must be clearly shown on the record and cannot be presumed. Hines; Fulcher; see also Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000).
Because the present record does not conclusively refute Isaac's claim to credit for the incarcerative portion of his split sentence, the order must be reversed and the cause remanded for further proceedings. See Fla. R.App. P. 9.141(b)(2)(D); Fla. R.App. P. 9.140(i). Neither the transcript of defendant's probation violation hearing nor his sentencing record are in the record now before us. If defendant did not clearly waive his right to credit for time served during the incarcerative portion of the split sentence, then he is entitled to such credit. See Wells, 751 So.2d at 704.
Reversed and remanded.