LAGOA, Judge.
 

 Appellant, Randi Holmes (“Holmes”), appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, Holmes asserts that he was entitled to additional credit for time served when his probation was revoked and he was resentenced. For the foregoing reasons, we affirm the trial court’s denial.
 

 On March 27, 2006, Holmes was taken into custody on probation violation affidavits, and on September 28, 2007, Holmes entered an admission to the probation revocation charges. Prior to the admission by Holmes, extensive discussions occurred between the trial court, the State, and defense counsel, as to the amount of credit for time served that Holmes would be awarded.
 
 [1]
 

 After the trial court questioned Holmes as to the voluntariness of the plea, the trial court made the following finding: •
 

 I accept your admission to this violation of probation. Pursuant thereto [sic] revoke your probation, adjudicate you guilty of those crimes, I sentence to you [sic] 8.1 years in State prison with credit for all time served since the affidavit was filed in these cases which is I am told dated March 27, 2000—
 

 State: Actually March 28.
 

 Probation Office: 2006.
 

 Court: Okay.
 

 ⅜: ⅜ ⅜ ⅜
 

 The Court: Prepare a court order that says he shall receive credit for all time since the affidavit was filed against himself while he was in custody March 28, '06. That will be provided to Corrections.
 

 On January 24, 2008, Holmes filed a motion to correct illegal sentence arguing that he was entitled to credit for 1,744 days of time previously served and that the trial court had awarded him credit only for time starting with the filing of the affidavit of violation of probation on March 28, 2006.
 

 
 *446
 
 On February 19, 2008, the trial court in a written order denied the motion and stated as follows:
 

 On March 27, 2006, the defendant was taken into custody on probation violation affidavits filed in the above-styled cases. On September 28, 2007, the defendant accepted a court offer of 8.1625 years in state prison with jail credit for the time that he had spent incarcerated on the probation violation affidavits in the instant cases.
 
 See
 
 Transcript of September 28, 2007, attached. As such, he is only entitled to jail credit which he knowingly accepted at the time of the plea.
 
 See Hines v. State,
 
 906 So.2d 1137 (Fla. 3d DCA 2005).
 

 This appeal ensued.
 

 This Court has repeatedly held, and we do so again hold, that while a defendant is entitled to receive credit for the time served in jail before sentencing, a defendant may waive credit for the time served as part of a plea agreement. The waiver, however, must be clearly shown on the record.
 
 See Johnson v. State,
 
 974 So.2d 1152, 1152 (Fla. 3d DCA 2008) (“a provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim for time served before that date”);
 
 Hines v. State,
 
 906 So.2d 1137, 1138 (Fla. 3d DCA 2005).
 

 On appeal, Holmes, however, argues that no waiver of credit for time served is apparent from the plea colloquy. We disagree. In this case, a review of the plea colloquy reflects that Holmes waived any credit for time served prior to the March 28, 2006, probation violation affidavit. As such, we conclude that the trial court did not err in finding that the plea colloquy conclusively demonstrates that Holmes waived his right to be awarded credit for any additional time served, other than that which he expressly agreed to at his plea colloquy. Accordingly, we affirm the trial court’s denial of the motion for postconviction relief.
 

 Affirmed.
 

 [1]
 

 . Specifically, the following exchange occurred:
 

 Defense Counsel: State’s offer was eight years minus one year credit for time served. That’s the bottom line of what this offer is. It's a seven-year offer to resolve all the matters.
 

 State: I just want to be clear Your Honor, it’s not the State's offer. Second of all, what the scoring comes out to is 8.1625 years at the bottom of his guidelines. And my understanding is that credit will be given for the time that the affidavit was filed March 27, 2006.
 

 * * * *
 

 Court: ... Does he wish to accept that or will be concluding this hearing now?
 

 Defendant: Take the seven years.
 

 Court: Excuse me?
 

 Defendant: Take the seven years.
 

 Court: That's 8.1 actually with time that he received for credit; correct?
 

 Defense Counsel: No. It’s before credit.
 

 State: Before credit 8.162 years.
 

 Court: Right. But he is saying seven years. It's 8.1.
 

 Defense Counsel: He is getting credit for how much time?
 

 State: Since March 27, 2006.
 

 Court: Okay.
 

 Defense Counsel: So he is getting credit for more than a year. He is getting credit for a year and five months. He just wants to be clear what he is getting credit for.
 

 Court: Are we ready?
 

 Defense Counsel: Are we ready?
 

 Defendant: Yes, sir. No probation following behind none of this?
 

 Court: No, sir.
 

 Defendant: All right.