SUAREZ, J.
David Agharaumunna appeals from a trial court order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for attachment of records that conclusively refute the appellant’s claim.
Agharaumunna violated his probation and upon sentencing was given no credit for time served. He filed a rule 3.800(a) motion seeking credit for the time he served prior to his probation violation. The trial court denied relief and the order states that the defendant was given no credit for time served “per plea agreement,” and attached the docket and sentence to support its decision. The docket and sentence, however, give no indication of a plea agreement and instead note that no credit for time served was given “per court.”
We agree with the defendant that the attached documents do not conclusively refute his claim that he is owed credit for time served. “Although a defendant can waive credit for time served in prison on the original sentence as part of a negotiated plea agreement, such waiver must be clearly shown on the record and cannot be presumed.” Isaac v. State, 992 So.2d 304, 305 (Fla. 3d DCA 2008); see also Rudicil v. State, 31 So.3d 328 (Fla. 4th DCA 2010) (reversing for attachment of plea colloquy because the trial court’s note on the attached sentencing sheet that *268 Rudicil entered a negotiated plea, and that per the terms of the plea, had waived entitlement to CTS, was insufficient to show knowing and express waiver of CTS). If Agharaumunna, during the probation violation pi-oceedings, did not clearly and expressly waive his right to credit for the time he served during the incarcerative part of his ox-iginal split sentence, then he is entitled to such. See Isaac, 992 So.2d at 305.
On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts — including the transcript of the probation violation and plea hearing — conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.