SUAREZ, J.
Jessie Saavedra appeals from a final order denying his petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
The denial of Saavedra’s rule 3.850 motion as untimely was improper. The two-year time limitation for filing motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until appellate proceedings have concluded and the court issues a mandate or thirty days after the judgment and sentence become final if no direct appeal is filed. See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Because the appellant did not file a direct appeal, his July 31, 2007, conviction and sentence became final and the two-year time limitation began to run on August 30, 2007. Two years from that date was Saturday, August 30, 2009. Florida Rule of Criminal Procedure 3.040 specifically provides that the last date of the period so computed shall be counted, unless it is Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or a legal holiday. The record shows that Saavedra placed his 3.850 petition into the correctional facility’s hands for mailing on Monday, August 31, 2009, and thus Saavedra’s motion was timely filed. See Thompson v. State, 761 So.2d 324 (Fla.2000) (holding that under the mailbox rule, the date that a motion is placed into the hands of prison officials for filing is the date that the motion is considered filed). We reverse for consideration of Saavedra’s petition on the merits.
Saavedra raises an issue regarding the alleged failure of the trial court to award credit for time served as part of his probation violation plea agreement. Although this issue is more appropriately raised via a rule 3.800 petition, the order on appeal concluded that the defendant was sentenced based only on receiving credit from his last booking date of May 8, 2009, citing to the sentencing transcript.
A defendant who is sentenced to incarceration because he violated the probationary portion of a split sentence is entitled to receive credit for time served in prison before being placed on probation. See Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005); Fulcher v. State, 875 So.2d 647, 648 (Fla. 3d DCA 2004); Ryan v. State, 837 So.2d 1075 (Fla. 3d DCA 2003); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000). Although a defendant can waive credit for time served in prison on the original sentence as part of a negotiated plea agreement, such waiver must be clearly shown on the record and cannot be presumed. See Agharaumunna v. State, — So.3d -, 2010 WL 3766776 (Fla. 3d DCA 2010) (reversing and remanding be *193 cause the attached documents do not conclusively refute the defendant’s claim that he is owed credit for time served); Isaac v. State, 992 So.2d 304, 305 (Fla. 3d DCA 2008) (holding that although a defendant can waive credit for time served in prison on the original sentence as part of a negotiated plea agreement, such waiver must be clearly shown on the record and cannot be presumed).
Although the transcript of defendant’s probation violation hearing and sentencing is in the record, it does not show that Saavedra was informed that he would not receive credit for time served as a result of his plea, nor does it show that Saavedra explicitly waived any credit for time served. His sentencing record is not in the record before us. If Saavedra did not clearly waive his right to credit for time served during the incarcerative portion of the split sentence, then he is entitled to such credit. Because the present record does not conclusively refute Saave-dra’s claim to credit for the incarcerative portion of his split sentence, the order must be reversed and the cause remanded for further proceedings. See Fla. R. App. P. 9.141(b)(2)(D); Fla. R. App. P. 9.140(i).
Reversed and remanded.