PER CURIAM.
Following the State’s proper confession of error, we reverse the order summarily denying the defendant’s post-conviction re *56 lief motion. The record before us fails to show conclusively that the defendant is not entitled to relief.
The defendant was sentenced to probation; he violated probation and was arrested on March 20, 2008. He was sentenced on November 7, 2008, 229 days later, to community control. He was arrested again on July 13, 2010, and sentenced on August 19, 2010, to thirty-six months in prison. At that time, he was credited only thirty-eight days for time served during the 2010 incarceration.
In April 2011, the defendant filed a Florida Rule of Criminal Procedure 8.800 motion asserting that the court erred in not giving him credit for the 229 days he spent in jail in 2008. That motion was summarily denied in June 2011. On February 3, 2012, the defendant filed a second motion for jail credit. The court denied that motion on February 8, 2012, and attached various documents. On appeal from that order, this Court reversed because none of the record documents attached to the order showed conclusively that the defendant was not entitled to relief. Padrón v. State, 96 So.3d 1041 (Fla. 3d DCA 2012).
In September 2012, the defendant filed a motion for a ruling in keeping with Pa-drón. The trial court entered the order on appeal here with the blanket statement that the defendant is not entitled to any more credit. It attached an August 2010 sentencing transcript that simply states:
You will be getting credit for the time served in custody from the time you were picked up since July 13th of this year.
Nowhere in that transcript is there any other discussion of credit to the defendant, or any discussion of a waiver of same.
“A defendant who is sentenced to incarceration because he violated the probationary portion of a split sentence is entitled to receive credit for time served in prison before being placed on probation.” Isaac v. State, 992 So.2d 304, 305 (Fla. 3d DCA 2008). While the defendant can waive this credit, such a waiver must be clearly reflected on the record. Wells v. State, 751 So.2d 703 (Fla. 1st DCA 2000). Nowhere does this record reflect any waiver.
We therefore reverse this case and remand for an evidentiary hearing or for the attachment of record excerpts conclusively showing that the defendant waived the entitlement to this credit. Because the defendant’s current release date is set for the end of January, we direct the trial court to address this matter in an expedited manner.
Reversed and remanded with directions.