PER CURIAM.
Larry Dortly appeals the denial of his motion seeking an award of prison credit filed pursuant to Florida Rule of Criminal Procedure 8.800(a). Upon the State’s proper concession of error, we reverse.
In 2006 and 2007, Dortly was convicted in two cases and sentenced to concurrent terms of imprisonment followed by probation. He was released on probation in June 2011. Dortly violated his probation and, in April 2012, he was sentenced to 24 months in prison.[1] Dortly did not appeal his judgment and sentence.
On June 18, 2012, Dortly filed a rule 3.800(a) motion in which he alleged that he was not awarded credit for time served in prison prior to his release on probation. The trial court noted that Dortly did not waive his entitlement to the prison credit, but the court nevertheless denied the motion because the award of credit would entitle Dortly to immediate release. The court found this to be an improper and absurd result, relying on Fulcher v. State, 875 So.2d 647 (Fla. 3d DCA 2004).
A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless such credit is waived. See Bradley v. State, 631 So.2d 1096 (Fla.1994); State v. Holmes, 360 So.2d 380, 383 (Fla.1978); Jones v. State, 633 So.2d 482, 483 (Fla. 1st DCA 1994); § 921.0017, Fla. Stat. (2007). The defendant is entitled to such credit even when it results in a “windfall” requiring immediate release. See Cook v. State, 645 So.2d 436, 438 n. 5 (Fla.1994). However, under Fulcher, the defendant may be denied such credit when the post-violation sentence is a result of a negotiated plea agreement and a subsequent grant of prison credit would negate the agreed-upon sentence. See 875 So.2d at 647.
Here, Dortly stated a facially sufficient claim for prison credit, and the trial court failed to attach portions of the record conclusively refuting Dortly’s claim or supporting its finding that relief is precluded under Fulcher. Accordingly, pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(D), we reverse and remand for the trial court to attach portions of the record conclusively refuting Dortly’s claim or to enter an amended judgment and sentence granting him credit for the time served in prison prior to his release on probation.
REVERSED and REMANDED with directions.
WOLF, VAN NORTWICK, and WETHERELL, JJ., concur.

. The record does not contain Dortly’s judgment and sentence and, thus, we do not know precisely how the sentence was structured. Nor do we know whether the trial court checked the box on the judgment and sentence directing the Department of Corrections (DOC) to award prison credit. See generally Morgan v. State, 99 So.3d 999, 1000 (Fla. 1st DCA 2012) (explaining that, if the defendant is entitled to prison credit, the trial court is required to check the box on the sentencing form indicating that the defendant is entitled to such credit, and once the court does so, the defendant must raise problems with the application of such credit with DOC).