# Third District Court of Appeal

**State of Florida**

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-818
Lower Tribunal No. 13-1441
_____

**Javier Bermudez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Javier Bermudez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

SUAREZ, J.

Javier Bermudez appeals from the summary denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.

Bermudez asserts that the sentencing transcript will show that he did not waive credit for time served. Neither the transcript nor the sentencing documents are in the record on appeal. See Cozza v. State, 756 So. 2d 272, 273 (Fla. 3d DCA 2000) ("Where a defendant's waiver of credit for time served is not clearly shown on the record, it will not be presumed."); Isaac v. State, 992 So. 2d 304 (Fla 3d DCA 2008) (same).

On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.

Reversed and remanded for further proceedings.