# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.

_____

No. 3D18-1429
Lower Tribunal Nos. 11-30171 & 12-10420

_____

**Maximiliano Rey,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Maximiliano Rey, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and SCALES, JJ.

SCALES, J.

<u>ON CONFESSION OF ERROR</u>

Maximiliano Rey appeals a June 29, 2018 order of the Miami-Dade Circuit

Court denying his Florida Rule of Criminal Procedure 3.800 motion to correct

illegal sentence. Based on the State of Florida's commendable confession of error, we remand this case to the trial court to determine whether Rey is entitled to additional prison credit.

On February 5, 2013, Rey, an habitual offender, pleaded guilty in two separate cases to charges of burglary, grand theft, petit theft and possession of cocaine. The trial court sentenced Rey to a probationary split sentence by sentencing him to state prison for two years, followed by eighteen months of probation. He was also sentenced to 288 days in county jail on one of the counts. The trial court granted Rey jail credit. After his release in 2014, Rey violated his probation. On November 11, 2016, the trial court sentenced Rey to seven years in prison and again granted Rey jail credit. Rey contends that he should have been, but was not, granted both *jail* credit and an additional 347 days of *prison* credit for his time spent in state prison from February 5, 2013 to January 18, 2014. Rey maintained that the trial court did not follow through on its oral pronouncement at Rey's November 11, 2016 resentencing that Rey be credited with "all time served."

The State concedes that Rey was entitled to both jail credit and prison credit. "A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless credit is waived." Scharman v.

2

Crews, 123 So. 3d 147, 148 (Fla. 1st DCA 2013). The record is not clear in this instance whether the trial court directed the Florida Department of Corrections, pursuant to section 921.0017 of the Florida Statutes, to compute the appropriate prison credit; nor, ultimately, is it clear whether Rey either waived the additional prison credit or is entitled to it. In the order on appeal, however, the trial court generally found that its credit calculations conform to its oral pronouncement of "all time served."

We reverse the order on appeal and remand for further proceedings consistent with this opinion. If, on remand, the trial court determines to summarily deny Rey's claim for additional prison credit, the trial court shall ensure that its order be accompanied by those portions of the record that conclusively demonstrate that Rey is not entitled to relief, per Florida Rule of Appellate Procedure 9.141(b)(2)(D).

Reversed and remanded.