IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM J. MANN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5154

Opinion filed April 2, 2015.

An appeal from an order of the Circuit Court for Nassau County.
Robert M. Foster, Judge.

William J. Mann, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jay Kubica, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals the denial of his motion seeking jail credit filed pursuant to Florida Rule of Criminal Procedure 3.801. We reverse and remand.

The appellant seeks 1525 days of additional jail credit, and provides the date of his sentence and the dates for which he seeks credit. However, he has not alleged any of the other facts which must be included in a facially sufficient rule

3.801 motion.  <u>See</u> Fla. R. Crim. P. 3.801(c).  Pursuant to rule 3.801, a defendant is entitled to one chance to amend his motion to state a facially sufficient claim unless the record refutes the claim.  <u>See</u> Fla. R. Crim. P. 3.801(e) (incorporating Florida Rule of Criminal Procedure 3.850(f)); Fla. R. Crim. P. 3.850(f)(2) (if the motion is facially insufficient, the trial court must give a defendant 60 days to amend).  Here, the trial court denied relief on the merits, but did so without attaching any records supporting the denial.  <u>See</u> Fla. R. Crim. P. 3.801(e) (incorporating Florida Rule of Criminal Procedure 3.850(f)); Fla. R. Crim. P. 3.850(f)(5) (trial court must attach portions of the record refuting appellant's claims).  Therefore, we reverse and remand for the trial court to either attach records which refute the appellant's claim or to grant him the opportunity to amend his facially insufficient claim.

REVERSED and REMANDED with directions.

WOLF, BENTON, and RAY, JJ., CONCUR.