PER CURIAM.
Arthur Daymon appeals the trial court’s denial of his motion seeking additional jail credit, filed pursuant to Florida Rule of Criminal Procedure 3.801. We reverse and remand.
Daymon sought 215 days of additional jail credit and provided the dates for which he seeks credit. However, his motion was not under oath as required, and failed to allege all of the information necessary for a facially sufficient rule 3.801 motion. See Fla. R. Crim. P. 3.801(c). Pursuant to rule 3.801, unless the record refutes the claim, a defendant is entitled to one chance to amend his motion to state a facially sufficient claim. See Fla. R. Crim. P. 3.801(e) (incorporating rule 3.850(f)); Fla. R. Crim. P. 3.850(f)(2) (providing that if motion is facially insufficient, trial court must give defendant sixty days to amend). Here, the trial court denied relief on the merits, but did so without attaching any records supporting the denial. See Fla. R. Crim. P. 3.801(e) (incorporating rule 3.850(f)); Fla. R. Crim. P. 3.850(f)(5)' (providing that trial court must attach portions of record refuting defendant’s claims). Therefore, we reverse and remand for the trial court .to either attach records that refute Daymon’s claim or .grant him the opportunity to amend his facially insufficient claim. Mann v. State, 160 So.3d 554, 555 (Fla. 1st DCA 2015).
REVERSED and REMANDED with directions.
SAWAYA, ORFINGER and COHEN, JJ., concur.