IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM JOSEPH MANN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2704

_____/

Opinion filed November 13, 2015.

An appeal from an order of the Circuit Court for Nassau County.
Robert M. Foster, Judge.

William Joseph Mann, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Jillian H. Reding, Assistant Attorney General
and Trisha Meggs Pate, Bureau Chief, Tallahassee, for Appellee.

PER CURIAM.

      William Joseph Mann appeals the summary denial of his motion seeking

postconviction relief brought pursuant to Florida Rule of Criminal Procedure

3.800(a). For the reasons discussed below, we reverse and remand for further proceedings.

The appellant originally filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.801 seeking additional jail credit, which was summarily denied on the merits. On appeal, this Court reversed and remanded with instructions for the trial court to either attach records refuting the appellant's claim or enter an order providing the appellant with leave to amend his facially insufficient motion. See Mann v. State, 160 So. 3d 554, 555 (Fla. 1st DCA 2015). On remand, the trial court provided the appellant with an opportunity to amend.

Instead of filing an amended motion seeking jail credit, the appellant filed the instant rule 3.800(a) motion, seeking credit for time previously spent in prison on the incarcerative term of his original probationary split sentence pursuant to Dortly v. State, 107 So. 3d 1229, 1230 (Fla. 1st DCA 2013). The lower court summarily denied the motion, indicating that the appellant was awarded one day of jail credit and failed to object to this credit at sentencing. In support of its order, the court attached the sentencing transcripts. However, in response to this Court's Toler[1] order, the state properly concedes that these attachments do not refute the appellant's claim.

Accordingly, we reverse the trial court's order and remand for further

_____

[1] Toler v. State, 493 So. 2d 489 (Fla. 1st DCA 1986).

2

proceedings. If the trial court again summarily denies the motion, the court shall attach record excerpts which conclusively refute the appellant's entitlement to prison credit.

REVERSED AND REMANDED.

WOLF, WETHERELL and MARSTILLER, J.J., CONCUR.